**In re Pamela Jeanette (Delancy) KERR, a minor.**

**Donald Frederick DELANCY, Appellant,**

v.

**Ruby L. KERR, Respondent.**

**No. 37740.**

Missouri Court of Appeals,
St. Louis District,
Division Four.

Jan. 18, 1977.

Motion for Rehearing or Transfer to Court en banc of Transfer to Supreme Court Denied March 15, 1977.

Application to Transfer Denied April 11, 1977.

Ray Dickhaner, Richeson, Roberts, Wegmann, Gasaway, Stewart & Schneider, Hillsboro, for appellant.

J. W. Thurman, Dana Hockensmith, Thurman, Nixon, Smith, Howard, Weber & Bowles, Hillsboro, for respondent.

ALDEN A. STOCKARD, Special Judge.

Donald Frederick Delancy has appealed from the judgment of the Circuit Court of Jefferson County dismissing his petition to set aside the decree of adoption of Pamela Jeanette (Delancy) Kerr.

For a better understanding of the issues we shall set forth certain facts as to which there is no dispute, some of which are from the allegations in the pleadings and others are set forth in the findings of the trial court.

Pamela Jeanette was born in St. Louis, Missouri on July 28, 1965, the child of Sandra and Donald F. Delancy. Following a hearing, the Juvenile Division of the Circuit Court of Jefferson County determined that the child was neglected and that the natural parents had refused to provide proper support for its well being and directed that effective December 29, 1966, the custody of the child be placed in the Division of Welfare, Jefferson County, Missouri, which placed the child with Ruby L. Kerr for care and maintenance. In January, 1972 Ruby L. Kerr filed a petition in the Juvenile Court of Jefferson County seeking to adopt Pamela Jeanette and temporary custody was placed in Ruby L. Kerr. She alleged in the petition for adoption that the natural mother had consented in writing to the adoption and that the natural father had willfully neglected to provide proper care and maintenance for more than one year immediately preceding the filing of the petition. A final decree of adoption was entered on March 25, 1974.

On June 19, 1973, in the Domestic Relations Court of Dallas County, Texas, Donald was granted a divorce from Sandra. The court purported to award the care and custody of Pamela Jeanette to Sandra, and it ordered Donald to pay, starting July 1, 1973, $40.00 per month as child support, none of which was ever paid.

The record does not reveal the circumstances whereby Donald obtained possession of Pamela Jeanette in 1975 and removed her to Irving, Texas, but pursuant to a Writ of Habeas Corpus filed in the Domestic Relations Court of Dallas County, Texas, by Ruby L. Kerr, Pamela Jeanette was ordered to be and was returned to the custody of Ruby L. Kerr.

Following the return of Pamela Jeanette to Ruby L. Kerr, appellant filed a petition in Juvenile Division of the Circuit Court of Jefferson County to set aside the decree of adoption entered on March 25, 1974. The court dismissed that petition, and also adjudged that appellant "pay into this Court as an attorney's fee the sum of $500.00." It is from this judgment that appellant has appealed.

Appellant alleged that he did not appear at the adoption proceedings, was not represented by counsel and "had no recollection of receiving any notice thereof," and that he "first learned of [the] adoption in July 1975, when the child was taken from his custody by a Writ of Habeas Corpus." He then alleged that the decree of adoption is null and void because the court did not have jurisdiction for the reason that a decree of adoption can not be entered without the consent of the natural father unless it is shown that the father willfully failed to support the child or abandoned the child for one year, and there was no abandonment of Pamela Jeanette by him because he and Pamela Jeanette "exchanged much correspondence and telephone calls during the period in which it is alleged that [he] abandoned" her. Appellant "suggests" to the court that at no time by either word or deed did he evidence any of the required intent or mental attitude to foresake his status as that of parent during the period in question, and that to vacate the decree of adoption would be in the best interest of Pamela Jeanette because he had remarried and is able to provide an adequate and suitable home for her. His final allegation is that "since he was not *personally* served with notice of [the] proceedings" (emphasis

added), the adoption proceeded on "a quasi-default basis" and the statutory rules for vacating and setting aside a default judgment should apply and that at the time the decree of adoption was entered he had a good and valid defense to the adoption, namely "the lack of his consent * * * and the lack of any fact sufficient to allow the court to proceed in the absence of his consent."

■ Consent to an adoption is not required from "a parent who has, for a period of at least one year immediately prior to the filing of the petition for adoption, either willfully abandoned the child or willfully neglected to provide him with proper care and maintenance." § 453.040 RSMo 1969. However, even though his consent is not required, a writ of summons and a copy of the petition must be served on him, *In re Adams*, 237 S.W.2d 232 (Mo.App.1951), and if the summons cannot be personally served in the manner prescribed in § 506.150 RSMo 1969, "the service shall be made by mail * * * as provided in section 506.160 RSMo." In a responsive pleading Ruby L. Kerr alleged that in the adoption proceeding appellant was "properly served by registered mail in accordance with the adoptive statutes." Although the record before us contains no proof of this allegation (but the trial court could take judicial notice of its own records) the trial court found and recited in its judgment that "service by registered mail of said petition for adoption was had upon [appellant] on August 29, 1972." There is no specific challenge on this appeal to that finding.

■ It is clear that appellant has not alleged facts which would authorize a challenge to the decree of adoption on the basis that he, as the natural father, was not given the required notice of the adoption proceedings. However, as stated in *In re McDuffee*, 352 S.W.2d 23 (Mo. banc 1961) "the broad equitable powers vested in our courts of general jurisdiction (and which are also vested with jurisdiction of the laws of this state relating to adoption) empower

them to vacate a decree of adoption upon any of the classical grounds that entitle such courts to vacate any other decree, such as judgments procured by fraud or to prevent injustice where such final judgments were the result of unavoidable accident or excusable mistake."

■ There clearly are no allegations in the petition which if proved would authorize a finding that the decree of adoption was the result of accident or mistake. However, appellant asserts that he is entitled to have the decree of adoption vacated because of fraud, and in his brief he states his contention as follows: "Appellant's position is that fraud was committed on the court by the introduction of testimony or statements to the Court and Welfare Agency concerning appellant's alleged abandonment of the child and by the further willful withholding of the evidence of letters, phone calls and communications between appellant and the child which would have negated the Court's finding of abandonment."

The decree of adoption was entered on March 25, 1974, the petition to set aside that decree was filed October 14, 1975; over one and a half years later. In § 453.140 RSMo 1969 it is provided that "After the expiration of one year from the date of entry of the decree of adoption, the validity thereof shall not be subject to attack in any proceedings, collateral or direct, by reason of any irregularity in proceedings had pursuant to this chapter."

This is not a case where there was any fraud practiced upon the court pertaining to its acquisition of jurisdiction of the subject matter, see *In re Novack*, 536 S.W.2d 33 (Mo. banc 1976), and it is not a case where an essential party or person was not given the statutory and required notice. *In re Adams*, supra. Apparently appellant elected not to avail himself of the opportunity to appear in person or by counsel at the hearing on the petition for adoption and present the evidence he now asserts would have been material. The basis advanced by appellant to challenge the decree of

adoption falls squarely within the meaning of the term "irregularity in proceedings" as used in the above statute of limitation. This unquestionably is correct because even in the absence of this statute appellant would not have been entitled to challenge the decree for the reason alleged in his petition.

■ It is the well settled rule that in the absence of most impelling circumstances a court will not interfere with a judgment unless there was fraud in the *procurement* of the judgment extrinsic or collateral to the matters tried upon which the judgment was entered. *Reis v. La Presto*, 324 S.W.2d 648, 653 (Mo.1959), and "A judgment cannot be set aside on the ground of fraud unless it is shown that fraud was practiced in the very act of obtaining the judgment; that the fraud went to the manner in which the judgment was procured rather than operating upon matters pertaining to the judgment itself; that the fraud prevented the unsuccessful party from presenting his case or defense; or that the fraud otherwise went to extrinsic, collateral acts or matters not before the court for examination or determination in the suit or proceeding in which the judgment was rendered. * * * Such a proceeding cannot be used to obtain a further hearing upon matters, which were or could have been brought before the court to make a case or defense, either because the parties found further evidence bearing upon the truth or falsity of the testimony there, or because the parties neglected to litigate such matters in the original case. 'Courts of equity do not grant such relief for the purpose of giving the defeated party a second opportunity to be heard on the merits of the case.'" *Hockenberry v. Cooper County State Bank of Bounceton*, 338 Mo. 31, 88 S.W.2d 1031, 1036 (Mo.1935). Relating directly to the point in issue, we find this statement in 2 Am.Jur.2d Adoption § 75: "While a judicial determination of some particular fact, *such as abandonment of the minor by his parent,* or the consent of his next of kin to the adoption, may be

essential to the exercise of jurisdiction to enter the order of adoption, this does not make it essential to the jurisdictional validity of the decree that the fact be determined upon proper evidence, or necessarily in accordance with the truth; a mere error cannot affect the jurisdiction, and the determination must stand until reversed on appeal, and hence cannot be collaterally attacked. If this were not the rule, the status of adopted children would always be uncertain, * * *.". (Emphasis added.) See also *Smith v. Benson*, 542 S.W.2d 571 (Mo. App.1976).

■ Appellant's contention that the allowance of attorney fees as costs is erroneous must be sustained. As a general rule attorney fees are personal in nature and unless authorized by statute or allowed by a court of equity in what has been described as "very unusual circumstances" they are not allowable as costs. The circumstances of this case do not fall within the exceptional rule announced in *Johnson v. Mercantile Trust Company National Association*, 510 S.W.2d 33 (Mo.1974). We consider this case to be comparable to any action in which the jurisdiction of a court of equity is sought to set aside an instrument in writing or a judgment.

The dismissal of the petition is affirmed. The allowance of attorney fees is reversed.

SMITH, P. J., and NORWIN D. HOUSER, Special Judge, concur.