Deanne **WRIGHT**, Plaintiff-Respondent,

v.

Kingsley O. **WRIGHT**, Defendant-Appellant.

No. 38983.

Missouri Court of Appeals, St. Louis District, Division Two.

April 25, 1978.

Motion for Rehearing and/or Transfer Denied June 8, 1978.

Gerald A. Rimmel, Frank Susman, Susman, Schermer, Willer & Rimmel, St. Louis, for defendant-appellant.

Justin C. Cordonnier, Armstrong, Teasdale, Kramer & Vaughn, St. Louis, for plaintiff-respondent.

REINHARD, Judge.

Defendant-appellant appeals from a decision of the Circuit Court of St. Louis County in which it held that plaintiff-respondent was an accommodation party on a note jointly executed by appellant and respondent. Appellant was found primarily liable on the note and was ordered to hold respondent harmless and to indemnify her for losses or damages (including her reasonable attorney's fees) that she might sustain as a result of her having signed the note. We affirm.

Appellant procured a divorce from his wife, the respondent, on June 6, 1957. The divorce decree granted care, custody and control of the children borne of the marriage to respondent, and ordered appellant to pay child support. In addition, appellant was required to convey to respondent all right, title and interest in the family home and to pay the existing mortgage on the home.

On October 2, 1963, the parties to this litigation co-signed on a promissory note secured by a deed of trust on the aforementioned home. The loan of Forty Thousand Dollars ($40,000.00) was made and the proceeds were distributed by Northwestern Bank and Trust Company. Disbursements as shown on defendant's "Exhibit A", were as follows:

| | |
|---|---|
| $22,488.52 | Mercantile Mortgage Co. |
| 8,776.25 | Northwestern Bank and Trust Company |
| 15.70 | Recording Fees |
| 222.00 | Land Title Investment Co. |
| 20.00 | Bank Appraisal |
| 8,477.53 | Customer |
| $40,000.00 | |

The record offers no indication of the specific purposes of the substantial disbursements to Mercantile Mortgage Co. and Northwestern Bank and Trust Company, but appellant does not contend that respondent benefitted from them. The payments to Land Title Investment Co.; for recording fees; and the bank appraisal pertain to the processing of the loan. It is only disbursement of the net proceeds of Eight Thousand Four Hundred Seventy-Seven Dollars and Fifty Three Cents ($8,477.53) that becomes

a factor in this litigation. We delay consideration of the matter, however, and will return to it at a later point in the opinion.

Appellant assumed complete responsibility for monthly payments on the loan for approximately eleven years and testified he did so because of his sense of responsibility to the children living in the house. In October, 1974, appellant informed respondent of his intention to discontinue payments after 1974, and that the balance of the loan thereafter would become respondent's sole responsibility. Appellant testified that dissatisfaction with respondent's methods of raising the children was the reason for his decision to discontinue payments. Despite his stated intention, appellant continued to pay one-half of the amount of the required monthly payments. This note was due to expire on October 1, 1976, with a balance of Twenty-Five Thousand Four Hundred Fifty Dollars and Seventy-Seven Cents ($25,450.77) remaining.

■ Appellant claims that he and respondent, as co-signatories on the note, are mutually obligated to pay the indebtedness; that he has fulfilled his share of the obligation on the note; and that respondent alone is obligated to pay off the existing indebtedness. Respondent maintains that pursuant to an agreement she and her former husband reached prior to executing the loan, she signed the note as an accommodation party and the house was used as collateral. She disclaimed any liability on the note, and the trial court ruled in her favor. In his first assignment of error, appellant contends the trial court improperly admitted parol evidence, by way of respondent's testimony, of her status as an accommodation party.[1] Such testimony, he argues, constitutes an attempt to vary the clear and unambiguous terms of the written instrument. As a matter of general law, there

may be a presumption that co-makers of a promissory note, in the absence of evidence to the contrary, are equally liable. Bills and notes, however, do not necessarily express the entire agreement between ostensible co-makers. Thus our courts have repeatedly held that in an action on a note by the original parties, an ostensible maker may show by parol evidence that he signed for the accommodation of the other. *First National Bank of Liberty v. Latimer,* 486 S.W.2d 262, 267 (Mo.1972); *Allison v. Dilsaver,* 387 S.W.2d 206, 213 (Mo.App.1965); *Massa v. Huehnerhoff,* 59 S.W.2d 723, 724 (Mo.App.1933); *Dickherber v. Turnbull,* 31 S.W.2d 234, 236 (Mo.App.1930).

■ Appellant next argues the court erred in finding that respondent signed as an accommodation party because the evidence fails to demonstrate the existence of an agreement between the parties, and secondly, evidence that respondent received the net proceeds of the loan precludes her status as an accommodation maker. Appellant is correct in his assertion that respondent has the burden of proving she was an accommodation party, and we believe respondent sustained that burden. The evidence showed that appellant needed money for business purposes and asked respondent to jointly execute loan documents at Northwestern Bank and Trust Company.

She testified that he assured her he would be responsible for repayment of the loan, and in fact, appellant made regular payments on the note for a period of approximately eleven years. Moreover, that respondent was in possession of the house is a factor not to be overlooked, and in this regard, appellant testified the house was the only asset available for his use in securing a loan. Had respondent wished to obtain a loan, appellant's signature on the note would not have been necessary. We

[1] Section 401.029, RSMo. 1959, defines "accommodation party" as:

"one who has signed the instrument as a maker, . . . without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."
Section 401.029 was repealed by § 400.3–415, RSMo.1969. Section 400.10–101 provides, however, that transactions entered into prior to July 1, 1965, are governed by the statute in effect at the time of the transaction.

conclude, therefore, the evidence was sufficient to warrant a finding that the parties agreed respondent's signature was for the accommodation of appellant.

■ The above notwithstanding, respondent, as a matter of law, could not be an accommodation maker if it were shown she received value in return for her signature on the instrument. Section 401.029, RSMo1959. In this instance, there is undisputed evidence that a treasurer's check in the amount of Eight Thousand Four Hundred Seventy-Seven Dollars and Fifty-Three Cents ($8,477.53) was made payable to and endorsed by respondent. This fact raises a presumption that respondent, as the endorser, received payment of the amount specified on the check. The presumption is rebuttable, however. *Hubbard v. Happel's Estate*, 382 S.W.2d 416, 423–424 (Mo.App. 1964). Respondent stated she received none of the proceeds of the loan including the Eight Thousand Four Hundred Seventy-Seven Dollars and Fifty-Three Cents ($8,477.53). She stated she was merely a "straw party". Appellant testified at the trial that some of the Eight Thousand Four Hundred Seventy-Seven Dollars and Fifty-Three Cents ($8,477.53) went to Mrs. Wright and, "None of it was used for my personal use." However, in a deposition taken two weeks before the trial, he stated that he did not remember if she had turned the check over to him. There was sufficient evidence to overcome the presumption and to create a question of fact to be resolved by the trier of the facts.

■ The standard of review to which we are bound in this case was set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Murphy* requires us to sustain the judgment of the trial court "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law".

Appellant urges adoption of a different standard of review on the grounds that the judge who tried the case was removed from office prior to the entry of judgment by the successor judge, Judge Corrigan. This court recently held in somewhat similar circumstances that a successor judge cannot render a decision based on previously adduced evidence absent a stipulation by the parties. *Smith v. Smith*, Mo.App., 558 S.W.2d 785 (1977). In the instant case, the parties agreed to have the case transferred to Division 7 and to have Judge Corrigan decide the case on the basis of the prepared transcript. Appellant was aware of conflicts in the testimony that of necessity would have to be resolved by Judge Corrigan. The case reaches us in this posture by agreement of the parties, and thus we reject appellant's request to modify our standard of review to accord with the particular circumstances of the case.

■ Appellant further claims that the court erred in the inclusion of "attorney's fees" in its order requiring him to hold respondent harmless and to indemnify her for any losses she might sustain as a result of having signed the note. Ordinarily an allowance of attorney's fees is erroneous unless such an allowance is authorized by statute, contract, or by a court of equity under very unusual circumstances. *In re Kerr*, 547 S.W.2d 837, 841 (Mo.App.1977). However, the court's order is not contrary to this rule. The note provided for the payment of a reasonable attorney's fee to the holder of the note in the event of default and collection required employment of an attorney. We understand the court's order to mean that in the event respondent was required to make such payment, (attorney's fees to the holder), appellant should reimburse her in accordance with their agreement that he be solely responsible on the loan.

■ Finally, appellant argues the court erred in ordering specific performance of the accommodation agreement since there was no showing respondent lacked an adequate remedy at law. The note provided that "[i]f default be made in the payment of any of said monthly installments when due, the holder of this note may at the option of the said holder declare all unpaid indebtedness evidenced by this note imme-

diately due and payable, . . . ." The note was secured by a deed of trust on respondent's house, and default might have resulted in foreclosure by the holder under the deed of trust. Such a loss would not be compensable in money damages. Respondent's remedy at law would not be "plain, adequate, complete, and efficient" so as to defeat the jurisdiction of equity to decree specific performance. *Easley v. Easley,* 333 S.W.2d 80, 86 (Mo.1960). The order of the trial court was proper.

Respondent has filed an affidavit with this court stating that she has sold her home and satisfied the note. She claims she has paid Twenty-Four Thousand Three Hundred Thirty-Eight Dollars and Twenty-Six Cents ($24,338.26) to the holder and that her damages are now fixed. In her brief she suggests that we remand the case to the trial court with instruction to enter a judgment in favor of respondent in the above amount. This is a matter not properly before us and can be disposed of in the trial court.

Affirmed.

STEWART, P. J., and STEPHAN, J., concur.