Negley B. CALVIN and Hazel E. Calvin, his wife, and Richard J. Barr, Respondents,

v.

Michael L. SINN and Margaret M. Sinn, his wife, Appellants.

No. 43989.

Missouri Court of Appeals, Eastern District, Division One.

May 10, 1983.

Jack B. Schiff, Clayton, for appellants.

Daniel Card, II, Clayton, for respondents.

STEWART, Chief Judge.

Defendants homeowners appeal from judgment in an action for injunction brought by trustees of their subdivision. Defendants were ordered to remove the chimney and flue from their property and enjoined from constructing any chimney or flue in violation of the restrictive indenture with respect to their subdivision. The court also assessed attorney's fees against defendants.

We affirm in part and reverse in part.

Plaintiffs Negley B. Calvin and Hazel E. Calvin, his wife, organized Spicewood Farms Subdivision and created a trust instrument which contained restrictions governing the subdivision. Mr. Calvin, his wife and Richard J. Barr are the trustees and plaintiffs in this action.

The defendants purchased a lot in Spicewood Farms Subdivision, subject to the duly recorded restrictive indenture that contained the following:

"9. Any chimney or flue constructed on a parcel of ground in said tract of land shall be of brick construction, or of stone construction."

Defendants constructed a home upon the lot that they purchased. The building contained a fireplace and flue. During the construction, Mr. Calvin, one of the trustees, noticed that defendants were building the chimney with a metal flue surrounded by wood lathing covered with ½ inch black insulating board and faced with an "imitation" or "cultured" stone.

Mr. Calvin advised defendant Michael Sinn that the construction of the flue and the chimney were in violation of the restrictions of the indenture. He also put defendants on notice by letter before the cultured stone was put on the chimney. Defendants proceeded with construction of the chimney and flue to completion.

Defendants contend that the material used by them on the exterior of the chimney is stone within the meaning of Paragraph 9 of the indenture or that as used in that paragraph the word is ambiguous and should be given a liberal interpretation so to encompass the material used.

The trial court found that the indenture required that flues be constructed of brick or stone and thus did not permit the construction of a metal flue as was done by defendants. The court also found that the term "stone" as used in the indenture means a naturally occurring product as opposed to a man-made imitation stone. The court concluded that "[d]efendants' facing of the metal flue with wood lathing covered with imitation stone does not comply or comport with the provisions of the restriction indenture."

By the judgment of the court, defendants were ordered to remove the chimney and flue and "permanently enjoined from constructing any chimney or flue to their residence . . . in violation of the provisions of Paragraph 9 of the restriction indenture. . . ."

■ There can be no doubt that defendants violated the restriction by constructing the flue with a metal liner. Defendants do not attack the findings and judgment of the court on that issue. That portion of the judgment requiring removal of the flue and

enjoining future violations of the restriction must be affirmed.

Obviously, it will be necessary to remove the entire chimney in order to remove and replace the flue. After replacing the flue, it will be necessary to reconstruct the chimney. We must consider the question of the composition of the chimney. This presents a more difficult question.

■ Restrictive convenants are not favored in the law and must be strictly construed. A given clause in the instrument will be interpreted in light of the entire instrument. If the meaning is doubtful it will be resolved in favor of the free use of the land. *Paddock Forest Residents Ass'n, Inc. v. Ladue Service Corp.,* 613 S.W.2d 474, 477 (Mo.App.1981).

In the indenture in this case, the term stone is referred to in three occasions in the indenture. Paragraph 5 provides that "exterior walls . . . shall be faced with brick, natural stone or wood frame." The other two references to stone including Paragraph 9 which is under consideration here merely refers to "stone." The latter references to stone do not contain the adjective "natural."

Stone has been defined as "a concretion of earthy or mineral matter of igneous, sedimentary or metamorphic origin." Webster's Third New International Dictionary. The material used to face the chimney in this case was not of igneous, sedimentary or metamorphic origin.

Defendants concede that the plain everyday and popular meaning of stone is the naturally occurring product. Defendants, however, argue that once having used the term "natural stone" in one portion of the indenture the word "stone" in Paragraph 9 should be interpreted to encompass the materials used in defendants' chimney.

■ Considering the fact that the dictionary definition and the popular meaning of the term do not encompass the material used on defendants' chimney, we cannot say that the court erred in its determination. In any case we do believe that it was the intent of the indenture that the chimney

and flue be constructed solely of masonry. The metal flue, the wood lathing and the insulating material are foreign to the clear intent of the indenture. The trial court did not err in finding that the term "stone" as used in the indenture could only mean the naturally occurring product.

Defendants also contend that the trial court erred in awarding attorney's fees in this case. Attorney's fees that are not provided by statute or by contract can rarely be awarded. It has been said that attorney's fees may be allowed by a court of equity to balance the equities in "very unusual circumstances." *In Re Kerr,* 547 S.W.2d 837, 841 (Mo.App.1977); *Osterberger v. Hites Const. Co.,* 599 S.W.2d 221, 236 (Mo.App.1980). We do not find such unusual circumstances here as to warrant. We reverse that portion of the court's judgment awarding attorney's fees. The judgment of the trial court is affirmed in all other respects.

STEPHAN and CRANDALL, JJ., concur.