MOON EQUIPMENT CO., INC., Winfred Lee Barnes, Wilma Barnes, and Mary Ann Femmer, Respondents,

v.

David J. HESS and Estelle Hess, Appellants.

No. 54415.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 6, 1988.

---

Melvin G. Franke, Ville Ridge, for appellants.

Politte & Thayer, Sidney A. Thayer, Jr., Washington, for respondents.

CRIST, Judge.

Mr. and Mrs. Hess (Hess) appeal from a judgment enjoining them from blocking a road. We affirm.

At issue is whether respondents have the right of access to an unimproved gravel road at its intersection with Highway AT (Old Highway 66) on the Hess property. This gravel road is the respondents' sole existing access to their respective properties from Highway AT. An unscaled graphic depiction showing the relation between the roads and the parties' properties is provided in Appendix A. Hess blocked the gravel road, asserting it was their private property. Respondents brought suit pleading the road was a public highway, established through public use for more than ten years.

This gravel road has been in existence since at least 1949, which was the date of the earliest county survey introduced at trial. On that survey, it was labeled as "old county road." However, in 1978, Hess' predecessor in title, Mr. Moore, and his neighbor, Mr. Pelster, changed the route across what is now the Hess property.

Prior to 1978, the road ran completely across Mr. Moore's property (now the Hess property) and into the adjacent property to the east owned by Mr. Pelster. There it intersected with Highway AT. Mr. Pelster requested the route be moved because the road created a dust problem on his property. Mr. Moore agreed to the move, and chose the site of the current intersection on his property (now the Hess property). The construction of the new intersection was paid for by Mr. Pelster and Mr. Nelson (Moon's predecessor in title). To construct the new intersection, the entire stretch of road across Mr. Moore's property was rerouted. The original route fell into disrepair after the new route was completed. Respondents freely used the new access route until Hess purchased the property in 1985.

At the time of their purchase, Hess believed the new route did not cross their property, but ran west of it. Their deed did not describe an easement or exception for the road. They discovered the road was within their boundaries in June 1985, after having the property surveyed in preparation for building their home. Because the new access route interfered with Hess' plans for a concrete driveway, they sent written notice to several of the respondents in early 1986 objecting to their use of the road. On Memorial Day weekend of 1986, Hess blocked the road with their pickup and car until they were asked to move by the police.

Hess assert the respondents have not established any right to access the route across their land because the route was less than ten years old when this action was brought. Respondents contend the injunction was proper because they proved the road is public, established through a common law dedication by Mr. Moore.

A public highway may be established in three ways: under § 228.190,

**744**

RSMo 1986; by prescription; or by implied or common law dedication. *Karashin v. Haggard Hauling & Rigging, Inc.,* 653 S.W.2d 203, 205[1] (Mo. banc 1983). A claim of common law dedication may prevail absent a formal dedication if: (1) there was evidence the owner clearly showed his intent to dedicate land for public use; (2) land was accepted by the public; and (3) was so used by the public. *Patterson v. Null,* 751 S.W.2d 381, 386[7] (Mo.App. 1988). Dedication is not required to be accepted by governmental authority, so long as it is in fact accepted by the public as demonstrated by the use made of it, which period of use need not exceed any required time limit. *Id.* at 386[8].

 Mr. Moore dedicated to the public the new access route across his property when he allowed its construction. At trial, Mr. Moore testified he had always believed the old road to be a public road, and his intention was for the new intersection and all the road across his property to continue to be public. Plaintiffs testified they had used the new route for their access after the route was changed. Mr. Moore, who owned the land at the time the route was changed, clearly demonstrated through his testimony he intended to dedicate the new road to public use, manifested this intent by choosing the site and allowing construction of the new road on his land, and it was accepted through use by those who lived on the road.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and REINHARD, J., concur.

APPENDIX A

The county road ends at a cul-de-sac just west of Moon's property.