**Arlis E. SILIVEN and Bertha M. Siliven, his wife, Plaintiffs/Respondents,**

v.

**James COWHICK and Carol Cowhick, his wife, Defendants/Appellants.**

No. 61325.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 29, 1992.

Nicholas G. Gasaway, Wegmann, Gasaway, Schneider, Dieffenbach, Tesreau, Stoll & Sherman, P.C., Union, for defendants/appellants.

Prudence Fink Johnson, Union, for plaintiffs/respondents.

REINHARD, Judge.

Defendants appeal an award of attorney's fees made by the trial court in its decree denying plaintiffs' petition for a permanent injunction. We reverse the award of attorney's fees.

In August of 1990, plaintiffs filed a petition in the Circuit Court of Franklin County asking that a permanent injunction be issued enjoining defendants from interfering with or narrowing a forty foot dedicated roadway which had been platted in their subdivision. The petition alleged that the defendants, in violation of the indenture of restrictions, had planted trees and erected fenceposts and gates which narrowed the roadway, jeopardizing the value of plaintiffs' property and violating Franklin County subdivision requirements. The petition also asked that defendants be ordered to pay reasonable attorney's fees in the matter. Defendants' answered and counterclaimed for damages, asserting that plaintiffs had failed to contribute to the maintenance and upkeep of the roadway, thus diminishing the value of defendants' lot. Defendants also sought a declaratory judgment interpreting the indenture of restrictions.

On September 10, 1991, the court issued its Judgment and Decree, in which it declined to issue an injunction in light of its finding that defendants had removed the barriers prior to trial and there was no reasonable probability that they would be replaced. The court dismissed defendants' counterclaims and ordered that defendants pay plaintiffs' attorney's fees in the amount of $1,300. On September 25, defendants filed a timely Motion to Amend Judgment asserting that the trial court was without authority or jurisdiction to award attorney's fees. The trial court did not pass on the motion; the motion was deemed overruled 90 days after filing, on December 24. Defendants then filed this appeal on December 31, 1991.

Plaintiffs assert that this court is without jurisdiction in this case because the defendants' appeal was not timely filed. Plaintiffs assert that defendants' Motion to Amend Judgment is not an "authorized after-trial motion" within the ambit of Rule 81.05 and that the trial court's judgment became final 30 days after entry on October 10, 1991. Rule 81.05(a) states:

> For the purpose of ascertaining the time within which an appeal may be taken, a judgment becomes final at the expiration of thirty days after the entry of such judgment, if no timely motion for a new trial is filed. ... In the event a motion for a new trial is timely filed, the judgment becomes final at the expiration of ninety days after the filing of such motion or, if such motion is passed on at an earlier date, then at the date of disposition of said motion. Authorized after-trial motions shall be treated as, and as a part of, a new trial motion for the purpose of ascertaining the time within which an appeal must be taken and all such after-trial motions shall be disposed of at the same time. Any authorized after-trial motion not passed on at the time the motion for a new trial is determined shall be deemed overruled as of the same date. The filing and disposition of such motions has the same effect as to time for appeal in all cases whether or not the motion has any function other than to seek relief in the trial court.

Rule 81.05(a). A Motion to Amend Judgment is an authorized after-trial motion. Rule 73.01(a)(3); *Kuhn v. Bunch,* 529 S.W.2d 200, 201 (Mo.App.1975). Because the notice of appeal in this case was filed within 10 days after the judgment became final, we have jurisdiction and now address the merits of defendants' substantive point on appeal.

Defendants assert that the award of attorney's fees by the trial court was improper because the trial court did not grant the injunction, because no applicable statute provides for award of attorney's fees, and because plaintiffs have not demonstrated "unusual circumstances" so as to warrant such an award from a court sitting in equity.

Missouri follows the American Rule concerning the allowance of attorney's fees. As this court stated, in *Osterberger v.*

*Hites Const. Co.*, 599 S.W.2d 221 (Mo.App. 1980):

> The general rule governing the allowance of attorney's fees permits recovery of these fees " 'only when called for by contract or provided by statute, or as an item of damage when their incurrence involves the wronged party in collateral litigation, or occasionally, when a court of equity finds it necessary to adjudge them in order to balance benefits' " *Arnold v. Edelman*, 392 S.W.2d 231, 239 (Mo.1965); *Rook v. John F. Oliver Trucking Co.*, 505 S.W.2d 157, 161 (Mo.App.1973). However, the equitable balancing of benefits by awarding attorney's fees occurs only if "very unusual circumstances" can be shown, *In re Kerr*, 547 S.W.2d 837, 841 (Mo.App. 1977)....

*Osterberger*, 599 S.W.2d at 230. As this court noted in *Dugger v. Welp*, 646 S.W.2d 907 (Mo.App.1983), "[In *Osterberger* and *Kerr*], we reversed an allowance of attorney's fees for the failure to prove an unusual circumstance, which we construed to mean an unusual type of case or unusually complicated litigation." *Dugger*, 646 S.W.2d at 909.

In this case, plaintiffs have cited no statute authorizing attorney's fees. Apparently, plaintiffs' argument is that the trial judge's finding that plaintiffs would have been entitled to an injunction, had the defendants not removed the obstacles, constitutes a "very unusual circumstance" sufficient to justify an award of attorney's fees. However, plaintiffs have cited no cases to support this contention. We consider this case to be comparable to any action in which the jurisdiction of a court of equity is sought to issue an injunction. *See Kerr*, 547 S.W.2d at 841.

We find no Missouri cases affirming an award of attorney's fees in a suit granting an injunction. However, we reversed such an award in *Troske v. Martigney Creek Sewer Co.*, 706 S.W.2d 282 (Mo.App.1986), where the trial court granted an injunction and awarded attorney's fees to the plaintiff. In that case, we affirmed the grant of the injunction, but reversed the award of attorney's fees, determining that the cause of action was not so unusual as to fall within the exception permitting the allowance of fees in equity cases. *Troske*, 706 S.W.2d at 286; *See also, Calvin v. Sinn*, 652 S.W.2d 277, 279 (Mo.App.1983).

"Although awards of attorney's fees are left to the broad discretion of the trial court and will not be overturned except for an abuse of discretion, this standard is based on the assumption that the court had the authority to award the fees." *Washington Univ. v. Royal Crown Bottling*, 801 S.W.2d 458, 469 (Mo.App.1990), *citing Geary v. Geary*, 697 S.W.2d 318, 320 (Mo.App.1985). Because no sufficient special or very unusual circumstances have been shown, we hold that the court did not have the authority to award attorney's fees against defendants in this action seeking an injunction.[1]

The award of attorney's fees is reversed.

AHRENS, P.J., and CRIST, J., concur.

---

1. We need not address defendants' argument that plaintiffs are not entitled to attorney's fees because the injunction was not granted. *See*

*Porter v. Hawk's Nest, Inc.*, 659 S.W.2d 786, 789 (Mo.App.1983).