Mac **WILKERSON** and Darlene Wilkerson, Plaintiffs–
Respondents,

v.

Mike **GATELEY** and Ladine Gateley,
Defendants–Appellants.

No. 68235.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 28, 1996.

Thomas Arthur Ludwig, Jackson, for appellants.

Mac and Darlene Wilkerson, Marble Hill, respondents pro se.

CRAHAN, Presiding Judge.

Mac and Darlene Wilkersons ("Plaintiffs") filed suit against Mike and Ladine Gateley ("Defendants") seeking damages for Defendants' obstruction of Plaintiffs' easement rights to water on Defendants' land. Plaintiffs' also sought an injunction prohibiting further interference. The trial court awarded $1,789.00 in compensatory damages, $1,000 for Plaintiffs' attorneys' fees and issued an injunction as requested. Defendants appeal. We hold that Plaintiffs were not entitled to an award of attorneys' fees and affirm the judgment of the trial court as modified.

Plaintiffs and Defendants reside on neighboring tracts of land. These parcels of land were originally part of a larger undivided property owned by Jessie Jett. Jessie Jett gave the piece of land on which Plaintiffs now reside to his son Patrick, gave the parcel on which Defendants now reside to his son John, and retained a section for himself and his wife. The Jett children dug a well and installed a water pump on John Jett's land. The well supplied water to all three properties and was installed so that Jessie Jett did not have to haul water in his old age. The pump was connected to the electric lines servicing Patrick's property.

Patrick Jett sold his land to Edwin and Elizabeth Hodge who in turn rented it to Plaintiffs. John Jett passed away and his estate sold his property to Defendants. After these transfers, the Defendants owned land upon which the well was located, but the electrical lines powering the pump were connected to Plaintiffs' residence. The right of the occupants of all three properties to use the well was documented and is not in dispute on appeal.

Shortly after Defendants began residing on their property, they restructured the waterlines, rebuilt the pump controls and moved them into their garage, and switched the pump from Plaintiffs' electricity onto their own. The parties continued using the well without dispute until the water pump's holding tank began to leak. Defendants reduced the water flow to Plaintiffs' residence claiming this was necessitated by the leak. Plaintiffs' water pressure dropped as a result, prompting Plaintiffs to purchase water pumps for their end of the water pipes to pull more water into their residence. Defendants wanted Plaintiffs to pay for half the cost of a replacement tank and for a portion of the electric bills which had accrued since Defendants placed the original pump on their electric service. Plaintiffs refused and the Defendants cut off Plaintiffs' supply of water entirely.

Plaintiffs filed suit seeking an injunction and damages for interference with their easement. The trial court awarded Plaintiffs $1,789.00 in damages for the interference, $1,000.00 for attorneys' fees and issued an injunction prohibiting interference with Plaintiffs' easement.

Defendants first contend that the trial court's award of $1,000 for attorneys' fees to Plaintiffs was not justified under the circumstances. We agree. Awards of attorneys' fees are permitted only when called for

by a contract; when provided by statute; when incurred as an item of damages because of involvement in collateral litigation; or "when a court of equity finds it necessary to adjudge them in order to balance benefits." *21 West, Inc. v. Meadowgreen Trails,* 913 S.W.2d 858, 881 (Mo.App.1995) citing *Conley v. Rauschenbach,* 863 S.W.2d 617, 621 (Mo.App.1993).

■ In the instant case it is clear that if Plaintiffs were to be entitled to an award of attorneys' fees it could only be for an equitable balancing of benefits. An award for this purpose is only justified by a demonstration of very unusual circumstances. *Id.,* citing *Osterberger v. Hites Construction Co.,* 599 S.W.2d 221, 230 (Mo.App.1980). The term "very unusual circumstances" has been construed to mean an unusual type of case, or extremely complicated litigation wherein the legal actions taken by the parties significantly differ from other actions taken by other parties in similar situations, or by others trying to achieve the same result. *Ohlendorf v. Feinstein,* 697 S.W.2d 553, 558 (Mo.App. 1985). Such is clearly not the case here.

The record establishes that this is a relatively minor property rights dispute which involved no complex issues or unorthodox litigation practices. That being the case, the award of attorneys' fees cannot stand. The judgment of the trial court is therefore modified pursuant to Rule 84.14 to reflect a reduction of the total award by $1,000.00, the amount awarded for attorneys' fees.

We have reviewed the remaining points on appeal and find them to be without merit. Further recitation of the relevant facts and principles of law would have no precedential value. We affirm the judgment as modified pursuant to Rule 84.16(b). Costs are assessed against Defendants.

CRANDALL and DOWD, JJ., concur.