CONSOLIDATED PUBLIC WATER SUPPLY DISTRICT NO. C–1 OF JEFFERSON COUNTY, Plaintiff/Appellant,

v.

Owen .G. KREUTER and Juanita A. Kreuter, Defendants/Respondents.

No. 68883.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 24, 1996.

Mark Thomas Stoll, Hillsboro, for Plaintiff/Appellant.

Kevin Charles Roberts, Hillsboro, for Defendants/Respondents.

CRAHAN, Presiding Judge.

Consolidated Public Water Supply District No. C–1 of Jefferson County, Missouri ("District") appeals following an adverse judgment in District's action for injunctive relief and damages against Owen and Juanita Kreuter ("Landowners") in which District sought to enforce its regulations and easement rights with respect to property owned by Landowners. The sole issue on appeal is whether the trial court erred in ordering District to pay Landowners' attorney's fees. We hold that Landowners were not entitled to an award of attorney's fees, modify the judgment to delete the award of fees and, as modified, affirm the judgment in favor of Landowners.

District is a public water supply district in Jefferson County, Missouri. On March 29, 1967, Landowners granted an easement to District's predecessor. District installed its water main within the easement. Later that year, when Landowners became customers of District, they signed a "Water User's Agreement" which provided that the laws of Missouri and the District's regulations were incorporated into their water service contract. In 1990, District adopted a regulation allowing up to six feet of fill over water mains or ten feet with special permission of its Board.

In 1991, District, in the course of repairs, discovered that sixteen feet of fill covered the water main on Landowners' property. District thereafter removed three feet of fill from above the main. Landowners later refilled the excavation.

In 1994, District filed a petition in the Circuit Court of Jefferson County. District

alleged that Landowners violated its regulation against excessive fill over water mains. It sought an injunction forbidding Landowners' maintenance of this excessive amount of fill and authorizing District to remove it. District also sought damages from Landowners to cover removal costs.

The case was tried as a non-jury equity matter and the parties adduced conflicting evidence as to whether the excessive fill had been placed by Landowners or District and whether the placement of the excess fill predated the adoption of District's regulation. In its written findings of fact and conclusions of law, the trial court essentially found that District was responsible for the excessive amount of fill and that the placement of the excessive fill long predated the adoption of District's regulation governing the maximum amount of fill in 1990. Based on these findings, the trial court held that District was not entitled to either injunctive relief or damages and rendered judgment in favor of Landowners. In addition, the trial court incorporated the following in its judgment:

> The Court does however have the power as a Court in equity to balance the equities in very unusual circumstances. See *Troske v. Martigney Creek Sewer Company* 706 S.W.2d 282 (Mo.App.1986). The Court therefore awards to the defendants their attorney's fees in the sum of $1,992.00. In so doing the Court specifically finds that Defendant has prevailed on the merits and given the entire facts and circumstances of this case, it would be inequitable to require defendants to incur a substantial attorney's fee bill to defend their right to use their own property. This is especially true when the vast majority of that about which the plaintiff complains results from its own actions.

■ Although District disagrees with the trial court's decision on the merits, its only contention on appeal pertains to the propriety of the award of attorney's fees. In essence, District maintains that the law does not authorize an award of attorney's fees

under the circumstances presented and that, even if an award could legally be made, Landowners failed to plead facts which would support such an award. The former contention is dispositive.

■ On appeal from a judgment in a court-tried case, we must uphold the decision of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Although awards of attorney's fees are left to the broad discretion of the trial court and will not be overturned except for abuse of discretion, this standard is based on the assumption that the court had the authority to award the fees. *Washington University v. Royal Crown Bottling*, 801 S.W.2d 458, 469 (Mo.App.1990). Because our inquiry involves the question of the trial court's authority to award attorney's fees, this court need not defer to its decision.

■ Missouri follows the American Rule concerning the allowance of attorney's fees. *Siliven v. Cowhick*, 838 S.W.2d 504, 505 (Mo. App.1992). Awards of attorney's fees are permitted only when called for by a contract; when provided by statute; when incurred as an item of damages because of involvement in collateral litigation; or "when a court of equity finds it necessary to adjudge them in order to balance benefits." *Wilkerson v. Gateley*, 922 S.W.2d 465, 466–67 (Mo.App. 1996) (citations omitted).

■ Based on the above-quoted excerpt from the trial court's findings the trial court apparently found that a fee award was justified in this case as a means of "balancing the benefits." An award for this purpose is only justified by a demonstration of very unusual circumstances. *Id.* at 467. Contrary to the trial court's reasoning, it is not a vehicle for awarding fees to a successful defendant.[1] Indeed, *Troske*, the authority cited by the trial court, *reversed* a fee award to a successful *plaintiff.* 706 S.W.2d at 286. Rather, the

---

1. Rule 55.03 provides a limited remedy for frivolous or bad faith litigation, of which we find no suggestion in this case. Further, although fees may be awarded pursuant to that rule, the focus

of the rule is deterrence, not reimbursement of fees incurred by the successful litigant. Rule 55.03(c)(2).

"balancing the benefits" exception applies to those rare situations in which a party's pursuit of litigation enures to the benefit of the other parties, such as obtaining clarification of the terms of a trust. *See, e.g., Bernheimer v. First National Bank of Kansas City,* 359 Mo. 1119, 225 S.W.2d 745, 755 (1949); *see also Mayor, Councilmen & Citizens, etc. v. Beard,* 636 S.W.2d 330, 331 (Mo. banc 1982). In this case, the judgment of the trial court did not confer a benefit on either party. Thus, there is no occasion for "balancing the benefits."

Landowners also draw our attention to record comments by the trial court expressing concern that the case involved a suit by a public organization against a private individual. The court observed that the people's confidence in government could be eroded should its organizations fail to act reasonably for the benefit of their constituents. Whatever the merits of these observations, they are not authority for an award of attorney's fees. Moreover, the legislature has provided a means of recovering fees incurred by reason of unjustified governmental litigation. § 536.087 RSMo 1994. We need not decide whether this provision may have provided a basis for an award in this case because Landowners neither pled any right to fees pursuant to this provision nor followed the procedures specified therein. For our purposes, it suffices to say that where the legislature has specified the circumstances in which attorney's fees may be recovered for unjustified governmental litigation, it is not our place to enlarge upon it.

In view of our determination that the fee award was not authorized, we need not reach District's contentions as to the sufficiency of Landowners' pleading. We note, however, the admonition in *Washington University* that attorney's fees are special damages, not costs, for which facts supporting the award should be pled with particularity. 801 S.W.2d at 469–70.

As authorized by Rule 84.14, we modify the judgment to delete all references to the award of fees and, as modified, affirm the judgment of the trial court. Each party shall bear its own costs on appeal.

GRIMM and HOFF, JJ., concur.