**BOONE VALLEY FARM, INC.,**
**Plaintiff/Respondent,**

v.

**HISTORIC DANIEL BOONE HOME, INC. (formerly Shelband Corporation), and Historic Daniel Boone Home and Boonesfield Village, Inc., a Missouri Not–for–Profit Corporation, Defendants/Appellants.**

**No. 70550.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 11, 1997.

Daniel M. Czamanske, Jr., Danna, Sora-ghan, Stockenberg & McNary, Clayton, for defendants/appellants.

Donald E. Heck, St. Louis, for plaintiff/respondent.

GRIMM, Judge.

In this court-tried property line dispute case, plaintiff sought an injunction against defendants, to remove a building they erected on plaintiff's property, and damages. The trial court granted the injunction and awarded plaintiff $11,205.50 for its attorney fees. Defendants appeal. We modify the judgment by deleting the attorney fees award and affirm.

Defendants raise two points, both contesting the attorney fees. The first point is dispositive. They contend that the trial court erred in awarding attorney fees because the case did not involve very unusual or special circumstances. Therefore, they argue, this case is not an exception to the rule that each litigant must pay its own attorney fees. We agree.

## I. Background

Plaintiff's petition alleged that in 1992, defendants constructed a building on plaintiff's property. It claimed that this structure damaged its land and vegetation, and directed sewage and water discharge onto its property. Further, it asserted that defendants' trespass had greatly diminished the value of plaintiff's property. It asked for an injunction, damages, and attorney fees.

Defendants' answer denied plaintiff's allegations. Further, they filed a counterclaim claiming to be the owners of the property by way of adverse possession.

The trial court found against defendants on their adverse possession claim. Moreover, it ruled that defendants' building encroached upon plaintiff's property. It ordered defendants to remove the building and restore the area to its former condition.

The trial court did not grant plaintiff any actual or punitive damages. However, it ordered defendants to pay plaintiff $11,205.50 "as and for its attorney fees in order to balance the equities among the parties."

## II. Attorney Fees

In their first point, defendants allege the trial court erred in awarding plaintiff attorney fees. They contend that the award should be reversed "because it is an erroneous application of the 'American Rule' (whereby each litigant pays their own attorney's fees) in that plaintiff did not demonstrate this case involved very unusual or special circumstances which would be an exception" to the rule.

Generally, awards of attorney's fees are permitted "only when called for by a contract; when provided by statute; when incurred as an item of damages because of involvement in collateral litigation; or 'when a court of equity finds it necessary to adjudge them in order to balance benefits.'" *Wilkerson v. Gateley*, 922 S.W.2d 465, 466–67 (Mo.App. E.D.1996) (quoting *21 West, Inc. v. Meadowgreen Trails*, 913 S.W.2d 858, 881 (Mo.App. E.D.1995)). In the case before us, the trial court specifically awarded the attor-

ney fees in order to balance the equities. If plaintiff was entitled to an award, it could only be on that basis.

 The equitable balancing of the benefits is permissible only in very unusual circumstances. *Wilkerson,* 922 S.W.2d at 467. The term, "very unusual circumstances," has been interpreted to mean "an unusual type of case, or extremely complicated litigation wherein the legal actions taken by the parties significantly differ from other actions taken by other parties in similar situations, or by others trying to achieve the same result." *Id.* Further, it is the "nature of the lawsuit," not the facts, that determines whether a case is unusual. *Ohlendorf v. Feinstein,* 697 S.W.2d 553, 558 (Mo.App. E.D.1985).

This case involves a property line dispute. Plaintiff argues that this case is unusual because it "stands for the new and unusual proposition that intentional non-constant use of land neither amounts to abandonment nor provides a basis for adverse possession." We disagree.

Plaintiff sued for an injunction and damages. The nature of this lawsuit is not unusual, nor was it complicated litigation. Thus, it does not meet the "unusual circumstances" test.

Our conclusion is supported by *Siliven v. Cowhick,* 838 S.W.2d 504 (Mo.App. E.D. 1992). In *Siliven,* this court considered an award of attorney fees where plaintiff sought an injunction. There, we noted that we could not find any Missouri case affirming an award of attorney fees in a suit granting an injunction. *Id.* at 506. We reversed the attorney fees award, because "no sufficient or very unusual circumstances have been shown." *Id.*

In the alternative, plaintiff argues that the trial court awarded attorney fees in lieu of damages. Its contention is based on an unsigned Suggestions for Judgment which the trial court apparently prepared. This document purports to assess attorney fees "in lieu of any award of damages."

■ Defendants filed a memorandum in opposition to the Suggestions for Judgment. Thereafter, the trial court issued its judgment, which is substantially different from its original suggestions. The unsigned suggestions cannot be used to alter or enhance a judgment. *See Hull v. Hull,* 591 S.W.2d 376, 383 (Mo.App. W.D.1979). Defendants' point is granted.

The trial court's judgment is modified to delete the award of attorney fees. As modified, the judgment is affirmed.

CRAHAN, P.J., and HOFF, J., concur.