Walter E. CHAPMAN, Jr. and Erma C. Chapman, Plaintiffs/Appellants,

v.

Lewis LAVY and Kimberly Lavy, Defendants/Respondents.

No. ED 76265.

Missouri Court of Appeals, Eastern District, Northern Division.

June 30, 2000.

Thomas B. Burkemper, Malaine P. Hagemeier, Troy, for appellants.

John M. McIlroy, Jr., Amy H. Rost, Bowling Green, for respondents.

MARY RHODES RUSSELL, Chief Judge.

Walter and Erma Chapman ("plaintiffs") appeal from the trial court's judgment finding in favor of Lewis and Kimberly Lavy ("defendants") on plaintiffs' claims for injunction, quiet title, and damages regarding a roadway between plaintiffs' and defendants' properties. The trial court found the roadway to be a public road and awarded defendants damages in an amount equal to their attorneys' fees. We affirm the judgment finding the roadway to be a public road in that substantial evidence supported this determination. We reverse the award of attorneys' fees in that no unusual circumstances existed justifying such an award.

Plaintiffs and defendants are owners of adjacent parcels of land located on County Road 634 in Lincoln County. Plaintiffs' property is west of defendants' property. County Road 634 runs in an east-west direction along the north boundaries of both parcels. The roadway at issue runs south from County Road 634 along the west boundary of defendants' property.

Plaintiffs moved onto their property in 1977, purchasing it in 1978 from a family member. Defendants purchased their property in 1996 and made plans to build a house on it. They informed plaintiffs of their plans and offered to help maintain the roadway during construction. Plaintiffs responded they did not want anyone else using the roadway. Defendants proceeded to grade an entrance off the roadway to their house site.

Plaintiffs filed suit against defendants, seeking an injunction preventing defendants from using the roadway which they claimed they owned through adverse possession. They also sought to quiet title and an award of damages. Defendants stipulated to a temporary restraining order prohibiting them from using the roadway. After a hearing, the trial court entered a preliminary injunction. Defendants thereafter filed a counterclaim, seeking an injunction, to quiet title, and an award of damages.

In its judgment order, the trial court found that the roadway was not sufficiently legally described in plaintiffs' petition. It found that the roadway, except for a small part of it, was located on defendants' property. It further found that the roadway was a county road open to the public, precluding any claims of adverse possession or prescriptive easement.

The trial court found in the alternative that even if the roadway were not a county road, plaintiffs failed to establish the necessary elements of an adverse possession or of a prescriptive easement claim. Finally, the court found that the injunction suit filed by plaintiffs and the temporary injunction obtained thereunder constituted a cloud upon defendants' title.

The trial court entered a judgment declaring the roadway to be a county road open to the public and ordered judgment in favor of defendants. The trial court awarded defendants $4,280 in damages. Plaintiffs appealed.

■■■ Our standard of review is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We will sustain the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Id.* at 32. We accept the evidence and inferences favorable to the prevailing party and disregard all contrary evidence. *Lake Cable, Inc. v. Trittler*, 914 S.W.2d 431, 434 (Mo.App.1996).

■■■ In assessing if there is substantial evidence, we must defer to the trial court on factual issues and cannot substitute our judgment for that of the trial judge. *H.S. v. Board of Regents, South-*

*east Missouri State University*, 967 S.W.2d 665, 671 (Mo.App.1998). Where there is conflicting evidence, the trial court has the prerogative to determine the credibility of witnesses, accepting or rejecting all, part or none of the testimony. *Id.*

We address plaintiffs' points out of order as their second point is dispositive of the other issues on appeal.

Plaintiffs argue the trial court erred in finding that the roadway was a county road open to the public because the weight of the evidence established that the road had been abandoned by the county.

Defendants did not argue that the roadway was a public road until trial. Until that point, defendants had maintained they owned the roadway by record title. Plaintiffs, however, did not object to the introduction of evidence on the public road theory. As a result, the public road issue is deemed to have been tried by implied consent of the parties. Rule 55.33(b).

Plaintiffs rely on section 228.190 RSMo 1994 providing that "nonuse by the public for five years continuously of any public road shall be deemed an abandonment and vacation of the same." According to plaintiffs, the substantial weight of the evidence establishes that the roadway was unused by the public for over five years. Therefore, assuming the roadway had been public at one time, it had since been abandoned.

In their argument, plaintiffs appear to be asking us to reweigh the evidence. Under our standard of review, however, we cannot do so. See *Mullenix-St. Charles Properties, L.P. v. City of St. Charles*, 983 S.W.2d 550, 555 (Mo.App.1998). Furthermore, plaintiffs' reliance on section 228.190 is misplaced.

A public road may be established in three ways: (1) under section 228.190, (2) by prescription, or (3) by implied or common law dedication. *Coffey v. State ex rel. Cty. of Stone*, 893 S.W.2d 843, 846 (Mo. App.1995). Though neither side has cho-

sen to address this particular issue on appeal, we believe the evidence supports a finding of common law dedication.

A claim of common law dedication may prevail absent formal dedication if: (1) there was evidence the owner clearly showed his intent to dedicate the land for public use; (2) the land was accepted by the public; and (3) the land was so used by the public. *Moon Equipment Co., Inc. v. Hess*, 761 S.W.2d 742, 744 (Mo.App. 1988). Dedication is not required to be accepted by a governmental authority, so long as the land is in fact accepted by the public as demonstrated by the use made of it, which period of use need not exceed any required time limit. *Id.*

The evidence amply supports a finding of common law dedication of the roadway. The person from whom defendants purchased the property testified without objection that he believed the roadway was public because his predecessor in interest informed him that it was a public road. Numerous witnesses who have lived in the area of the roadway for many years testified they used the roadway whenever they wished for such things as horseback riding, checking on cattle, and hunting.

Contrary to plaintiffs' argument, the use of the roadway is not required to be continuous or for any particular length of time. Whether a road is public or private is determined by the extent of the right to use it, not by the extent to which that right is exercised or by the quantity of travel over it. *Connell v. Baker*, 458 S.W.2d 573, 577 (Mo.App.1970).

Further, it does not appear that the roadway was abandoned. The right to use a public road cannot be surrendered or abandoned unless all of the public concur therein, and the loss of such right to use may result only from the acts and doings of the parties entitled to the road, not from the antagonistic or hostile possession of others. *Id.* One asserting abandonment of a public road must carry

the burden of showing such abandonment by clear and cogent proof. *Id.*

Based on the evidence, the public did not concur in any abandonment of the roadway. As stated earlier, many witnesses testified to using the roadway over a number of years and also to the general community consensus that the roadway was a public road. Even when a gate had been placed across the roadway, there was evidence the roadway was still utilized.

Conflicting evidence indeed existed, but it was the trial court's duty, not ours, to resolve the conflict and determine the credibility of witnesses. See *Board of Regents*, 967 S.W.2d at 671.

Plaintiffs have failed to prove by clear and cogent evidence that the roadway was abandoned. Therefore, the trial court did not err in finding the roadway to be a public road. Point II is denied.

In their first point, plaintiffs argue the trial court erred in finding that the roadway was not sufficiently legally described in plaintiffs' petition because the precise area of the roadway could be readily ascertained from the petition and evidence adduced at trial.

From the record, it is clear that both parties, as well as the trial court, understood exactly what roadway was at issue and where it was located. See *Kitterman v. Simrall*, 924 S.W.2d 872, 877–78 (Mo. App.1996). Because it is a public road in which none of the parties disputed the land involved, no precise legal description is necessary. Therefore, point one is denied as moot.

Plaintiffs' third and fourth points address the alleged errors in the trial court's alternative findings regarding adverse possession and prescriptive easement, respectively. Due to our resolution of Point II, we need not address Points III and IV.

In their final point, plaintiffs argue the trial court erred in finding that the injunction suit and resulting temporary injunction constituted a cloud upon defen-

dants' title thereby entitling defendants to an award of attorneys' fees.

In its judgment, the trial court did not explicitly label the award of $4,280 as "attorneys' fees." There is no dispute, however, that the amount of damages awarded was equal to the amount of fees claimed by defendants' attorney. Furthermore, in oral argument and in their brief, defendants implicitly concede that the award was indeed one for attorneys' fees. Therefore, we address the issue as whether the trial court erred in awarding defendants their attorneys' fees.

Missouri has adopted the "American Rule" which provides that litigants are to bear the expense of their own attorneys' fees. *In re Morrison*, 987 S.W.2d 475, 478 (Mo.App.1999). Attorneys' fees may be recovered, however, if the situation falls within one of the following categories: (1) recovery pursuant to a contract or provided by statute; (2) recovery as damages to a wronged party involved in collateral litigation; or (3) reimbursement ordered by a court of equity to balance the benefits. *Id.*

No contract or statute provides for the recovery of attorneys' fees in the instant case, nor is there any claim of collateral litigation. Therefore, if any recovery of attorneys' fees is to be had, it must be as reimbursement to balance the benefits.

The equitable balancing of benefits is permissible only in very unusual circumstances. *Boone Valley Farm, Inc. v. Historic Daniel Boone Home, Inc.*, 941 S.W.2d 720, 722 (Mo.App.1997). "Very unusual circumstances" has been interpreted to mean an unusual type of case, or extremely complicated litigation wherein the legal actions taken by the parties significantly differ from other actions taken by other parties in similar situations, or by others trying to achieve the same result. *Id.* In addition, it is the nature of the lawsuit, not the facts, which determine whether a case is unusual. *Id.*

The instant case involves a property dispute wherein plaintiffs sought an injunction, to quiet title, and an award of damages against defendants. We find nothing unusual or complicated about this type of case and the resulting litigation. As a result, the trial court erred in awarding defendants their attorneys' fees. Point V is granted.

The judgment of the trial court finding the roadway to be a public road is affirmed. The judgment awarding defendants their attorneys' fees is reversed.

CLIFFORD H. AHRENS, J., and LAWRENCE E. MOONEY, J.