**Alice Ehret SELBY, Plaintiff–Respondent,**

v.

**Richard N. SCOTT, as Personal Representative of the Estate of Dova Antill Ehret, Defendant–Appellant.**

No. 18425.

Missouri Court of Appeals, Southern District, Division Two.

July 28, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 17, 1993.

Application to Transfer Denied Sept. 28, 1993.

Steven H. Kaderly, Lamar, Diane Garber, Fulton, for defendant-appellant.

PREWITT, Judge.

Plaintiff sought to receive 2,200 shares of the corporate stock of Union Electric Company held by defendant as Personal Representative of the Estate of Dova Antill Ehret. Plaintiff also sought the amount of certain dividends paid to holders of the stock with interest. The decedent had been married to plaintiff's father. Following nonjury trial judgment was entered in favor of plaintiff for the relief requested. Defendant appeals.

Defendant contends "that the court made insufficient factual findings to sustain that conclusion and ... there are insufficient facts in evidence as a matter of law to prove" plaintiff's case in several particulars. Defendant also contends that the court misapplied § 400.8–311, RSMo 1986, a part of Missouri's adoption of the Uniform Commercial Code.

Plaintiff has filed a motion objecting to including a memorandum of law in the legal file and closing argument in the transcript. Plaintiff is correct that these items were not necessary to a determination of the issues on this appeal and should have been omitted. Rule 81.12(b). The motion to strike is granted.

Review is under Rule 73.01(c). As that rule is interpreted, a judgment is to be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or erroneously applies the law. *Plunkett v. Parkin,* 788 S.W.2d 356, 357 (Mo.App.1990). This court gives due regard to the opportunity of the trial judge to judge the credibility of witnesses. Rule 73.01(c)(2). All fact issues as to which no specific findings are made shall be considered as having been found in accordance with the result. Rule 73.01(a)(2); *Nelson v. Baker,* 776 S.W.2d 52, 53 (Mo.App.1989).

Plaintiff's father was Frank Ehret. After plaintiff's mother's death he married Dova Antill Ehret. At his death the stock

John E. Curran, Alice L. Yahnig, Curran and Clifford, Osage Beach, for plaintiff-respondent.

in dispute was held jointly by him and Dova Antill Ehret. She died with the stock still registered in their joint names. The parties stipulated to the following facts: Plaintiff and defendant's decedent were sole heirs at law of Frank Ehret. Dova Ehret and Frank Ehret were married September 11, 1979 in Barton County. Frank Ehret died October 25, 1988. Dova Ehret died October 8, 1989. Richard Scott is the duly appointed and acting Executor of the Estate of Dova Ehret. As of the date of hearing Union Electric Stock is valued at $37.50 per share. The trial court found:

1. That at various times up to September 9, 1979, Frank Ehret and plaintiff herein were joint purchasers and joint tenants with right of survivorship of 2200 shares of Union Electric Company Class A Stock.

2. That 2000 shares of said stock were purchased through an account owned jointly by Frank Ehret and plaintiff.

3. That the funds in said joint bank account derived from contributions of Frank Ehret, plaintiff and dividends from jointly held stock in amounts and percentages unknown to the court.

4. That 100 shares of said stock was purchased under the Uniform Gift to Minors Act with plaintiff as the Minor/Owner.

5. That 100 shares of said stock were originally owned by Frank E. Ehret and Bernice Ehret, plaintiff's mother, and that subsequently said shares were titled in the joint names of Frank Ehret and plaintiff, with right of survivorship.

6. That plaintiff signed stock powers and powers of attorney in blank authorizing her father, Frank Ehret, to consolidate all of their jointly held stock into one certificate.

7. That on or about September 9, 1979, the Union Electric Company through its transfer agent transferred the stock titled jointly between plaintiff and Frank Ehret to Frank Ehret and Dova Ehret pursuant to an undated request, all without knowledge or consent of plaintiff.

8. That plaintiff herein did not know of or consent to said transfer nor did plaintiff authorize Frank Ehret or any person to make such a transfer.

9. That plaintiff did not know of or consent to the placing of the name of Dova Ehret on said stock. Further that plaintiff gave the stock powers for the limited purpose of consolidating the jointly held stock into one certificate.

10. That until the date of the death of Frank Ehret, December 25, 1988, plaintiff consented to the use of any dividends by Frank Ehret for any purpose.

11. That Union Electric Company paid dividends on 2200 shares of stock after Frank Ehret's death as follows: 3/31/89–1100; 6/30/89–1100; 9/29/89–1100; 12/29/89–1144; 3/31/90–1144.

12. That though no evidence was presented to the court, the court finds from the logical inferences at the above evidence that Union Electric would also have paid dividends in an amount of at least 1100 per quarter or as follows: 6/30/90–1100; 9/29/90–1100; 12/29/90–1100; 3/31/91–1100; 6/30/91–1100; 9/29/91–1100; 12/29/91–1100; 3/31/92–1100; 6/30/92–1100.

13. That the transfer to the name of Frank Ehret and Dova Ehret was concealed from plaintiff until after the death of Frank Ehret on December 25, 1988.

14. That subsequent to December 25, 1988, plaintiff demanded the return of said stocks to her from Dova Ehret.

15. That Dova Ehret failed and refused to return said stock to plaintiff or to place the stock in their joint names.

16. That said stock certificates are in the possession and control of defendant herein.

The trial court determined that plaintiff was entitled to receive from defendant 2200 shares of the Union Electric Common Stock and ordered that it be transferred to her. The judgment also ordered defendant to pay the amount of dividends on the stock from December 25, 1988 to September 29, 1992, with interest.

Plaintiff relies upon § 400.8–315(1), RSMo 1986, a part of Missouri's adoption of the Uniform Commercial Code. That section was included in the Uniform Commercial Code primarily for the benefit of owners of securities. *Roth v. Roth*, 571 S.W.2d 659, 671 (Mo.App.1978). Section 400.8–315(1) states:

(1) Any person against whom the transfer of a security is wrongful for any reason, including his incapacity, may against anyone except a bona fide purchaser reclaim possession of the security or obtain possession of any new security evidencing all or part of the same rights or have damages.

The trial court found that under this section the transfer from plaintiff in her father's name to her father and Dova Antill Ehret was wrongful, entitling plaintiff to receive the stock. There is no contention by defendant that Dova Antill Ehret was a bona fide purchaser.

■ Defendant argues that plaintiff had to prove her case "by clear, cogent and convincing evidence", and failed to do so. Clear, cogent and convincing evidence is that "which clearly convinces the fact finder of the truth of the proposition to be proved." *In Interest of J.A.J.*, 652 S.W.2d 745 (Mo.App.1983). *See also W.G. v. P.L.G.*, 801 S.W.2d 85, 89 (Mo.App.1990). However, whether that is the standard which plaintiff had to meet, it is not necessary to decide. *See Philadelphia Life Ins. Co. v. Moffat*, 783 S.W.2d 133, 135–136 (Mo.App.1989); *Matter of Estate of Mitchell*, 610 S.W.2d 681, 687–688 (Mo.App.1980). If clear, cogent and convincing evidence was required, plaintiff met that burden.

■ Plaintiff testified that she signed a blank stock power upon her father's representation that it would be used to place their jointly held stock in one certificate. She said she did not authorize her father to put the stock in his and Dova Antill Ehret's names. Her testimony was uncontradicted and consistent with human behavior. It would be unusual to voluntarily give up, without consideration, the right to receive stock upon a father's death and allow it to be transferred to the joint names of he and his new wife.

The trial judge believed plaintiff. Giving deference to the judge's ability to assess the credibility of witnesses, the facts found were based upon sufficient evidence.

■ The next issue is whether based on those facts plaintiff is entitled to relief. That decision turns on whether plaintiff's father's use of the stock power, contrary to the understanding between he and plaintiff was "wrongful". If so, then plaintiff is entitled to all or part of the recovery requested.

■ "Wrongful" is not defined by the Uniform Commercial Code. "Wrongfully" is said to have many interpretations and meanings according to its context. *Willens v. Personnel Board of Kansas City*, 277 S.W.2d 665, 671 (Mo.App.1955). "Wrong" is a violation of the legal rights of another. Black's Law Dictionary 1612 (6th ed. 1990). "Wrongful ... implies the infringement of some right". *Id.* "Wrongful" has a wide range of meanings and imports the infringement of some right. 101 C.J.S. 642 (1958). "[I]t is used to describe any act which is unlawful or unauthorized, or any other act of this description which is a civil wrong, or without right." *Id.* Its meanings vary from reckless or unlawful to negligent. *Id.*

■ Given the broad definition of wrongful, using a stock power to transfer shares contrary to the agreement with the one signing the stock power would be wrongful, whether or not it is fraudulent or criminal. By using the stock power contrary to plaintiff's understanding with him, Frank Ehret's conduct was wrongful. Invalidating an improper transfer caused by the misuse of a stock power is consistent with the provisions of § 400.8–315(1), RSMo 1986. *Gieselmann v. Stegeman*, 443 S.W.2d 127, 137 (Mo.1969).

The remaining point presented by appellant asserts that plaintiff was "not entitled to the whole of the stock because prior to his death, the other joint tenant severed the joint tenancy and was entitled to convey his portion." The point has no merit.

Appellant contends that by having the stock put in the names of Dova Antill Ehret and himself, Frank Ehret severed the joint tenancy and her estate is at least entitled to receive one-half of the shares. As appellant asserts, the general rule is that if a joint tenant conveys his interest to a third person the right of survivorship is extinguished and the remaining tenant and the third person become tenants in common. *Rotert v. Faulkner*, 660 S.W.2d 463, 469 (Mo.App.1983).

Whether Frank Ehret could have severed the joint tenancy by transferring his interest, it is not necessary to decide. He did not attempt that. He retained his interest in the stock and sought to wrongfully transfer plaintiff's interest and extinguish her rights.

The judgment is affirmed.

MONTGOMERY, P.J., and GARRISON, J., concur.