Ronald J. FISCHER,
Plaintiff/Respondent,

v.

Donald H. BRANCATO and Doron Associates, Defendants/Appellants.

No. 70304.

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 31, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 5, 1997.

Application to Transfer Denied
Feb. 25, 1997.

James A. Fredericks, Chris L. Osborn, St. Louis, for Appellant.

Charles F. Dufour, St. Louis, for Respondent.

CRANDALL, Judge.

Defendants, Donald H. Brancato and Doron Associates, appeal from the judgment of the trial court, entered after a trial in equity, which determined the rights and obligations arising out of the dissolution of a partnership, known as Doron Associates (partnership), formed by Brancato and plaintiff, Ronald J. Fischer. We affirm.

We uphold the trial court's judgment in a court-tried equitable action unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *21 West, Inc. v. Meadowgreen Trails, Inc.,* 913 S.W.2d 858, 863 (Mo.App.E.D.1995). The evidence established that on November 6, 1985, Fischer and Brancato entered into an agreement referred to as the "Doron Associates Partnership Agreement" (agreement). Fischer and Brancato were also shareholders in two corporations, known as EFP, Inc. and Engineering and Fabricated Products, Inc. (collectively referred to as corporation). The partnership was formed for the purpose of purchasing a commercial building which the partnership would lease to the corporation. The agreement provided for a total capital contribution of $23,000.00,

with Brancato contributing $22,900.00 and Fischer contributing $100.00. Pursuant to the agreement, Fischer and Brancato purchased a building located at 2701 North 25th Street (building) on November 7, 1986; and received a general warranty deed as general partners. The purchase was financed by the seller of the building taking back a promissory note and a deed of trust, both documents being executed by Fischer and Brancato as partners. Fischer and Brancato filed a registration of fictitious name with the State of Missouri in January 1987. For the years of 1985, 1986, and 1987, they received K-1 tax forms and filed partnership tax returns.

On September 22, 1986, Fischer and Brancato executed an amendment to the agreement with regard to the amount of their capital contributions such that Brancato contributed $16,560.00 (designated as 72 percent of the partnership) and Fischer contributed $6,440.00 (designated as 28 percent of the partnership), for a total contribution of $23,000.00. Fischer did not contribute cash in the amount of $6,440.00, but executed a note in favor of Brancato for that amount. At the time of trial, Fischer had made no payments on the note to Brancato.

On September 24, 1986, Fischer and Brancato refinanced the original note and deed of trust with three loans: $115,000.00 payable to Mercantile Bank; $96,000.00 payable to the St. Louis Local Development Company, which note was assigned to the Small Business Administration; and $5,750.00 payable to the St. Louis Local Development Company. The loans were evidenced by notes and secured by deeds of trust on the building. All documents relative to refinancing were signed by Fischer and Brancato as general partners of the partnership. The building was titled in the partnership's name. All business pertinent to the building was conducted in the name of the partnership. Fischer ran the day-to-day operations of the partnership.

Brancato sent Fischer a letter, dated July 8, 1987. The letter read in pertinent part: .With an effective date of January 1, 1987, I [Brancato] have directed ... attorney for the Doron Partnership, to decrease your capital account as provided for in the part-nership agreement dated November 6, 1985, on file at the offices of [attorney], to $0.00.

This is because the demand loan of $6440.00, plus interest at prime, has not been paid. . . .

As of the effective date of January 1, 1987, I am unwilling to continue that loan and thus your effective partnership interest in Doron for the 1987 partnership year and future years is 0.00% unless terms of the partnership agreement are fulfilled by appropriate capital account contributions.

After receiving the letter, Fischer was locked out of the building.

Fischer then brought the present action against Brancato and the partnership. Fischer's petition sounded in two counts: Count I sought an accounting, dissolution, and liquidation of the partnership; Count II sought damages for breach of the partnership agreement. Brancato counterclaimed, alleging in Count I Fischer's breach of fiduciary duty to the corporation; in Count II Fischer's conversion of the corporation's assets; and in Count III Fischer's failure to pay in accordance with the promissory note. The trial court severed for jury trial Counts I and II of Brancato's counterclaim relating to the corporation from those claims pertaining to the partnership which were court-tried. The trial court appointed a special master to perform an accounting of the income and expenses related to the partnership.

After a court-tried case, the trial court found that Fischer and Brancato formed a partnership on November 6, 1985. The court concluded that Brancato did not dissolve the partnership in accordance with the terms of the agreement; but rather dissolved the partnership on July 8, 1987, when he expelled Fischer from the partnership. The court determined the net value of the building (fair market value of the building less indebtedness) as of July 1987 to be $355,110.08 and awarded Fischer 28 percent of that amount or $99,430.82. The court also awarded Fischer $1,047.96, which amount represented 28 percent of the profits for the 1987 year, prorated as of July 8 of that year.

The court added interest of $77,522.82 to the total amount of the award and then reduced that figure by $12,475.96, the amount of the note, plus interest. The court entered judgment in favor of Fischer and against Brancato in the total amount of $165,525.64.

For the sake of clarity, we address Brancato's[1] points on appeal out of order. In his second point, he contends the trial court erred in finding that he and Fischer created a partnership with regard to the building. He argues that Fischer's "sole" contribution of the promissory note in the amount of $6,440.00 did not evince an intent to enter into a partnership because the note did not comply with the amendment to the agreement which specified that each partner was to contribute capital "in cash;" and further that Fischer's refusal to pay the note on demand negated the partnership.

■ Missouri's Uniform Partnership Act defines partnership as "an association of two or more persons to carry on as co-owners a business for profit." § 358.060.1, RSMo (1994). Partnership is defined by the courts as a contract of two or more competent persons to place their money, effects, labor and skill, or some or all of them, in lawful commerce or business and to divide the profits and bear the loss in certain proportions. *Bernard McMenamy Contractor, Inc. v. Kitchen*, 692 S.W.2d 817, 820 (Mo. App.1985). A partnership agreement may be oral or written, express or implied from the acts and conduct of the parties; but the primary criterion in determining the creation of a partnership is the intention of the parties. *Id.* It is not necessary that the parties have the intent to form a partnership, only that they have the intent to enter into a relationship which in law constitutes a partnership. *Id.*

■ Missouri courts have recognized that a promissory note is sufficient consideration to support a partnership agreement, notwithstanding the failure of the promisor to pay on the note. *See, e.g., Prange v. Prange*, 755 S.W.2d 581 (Mo.App.1987);

*Heath v. Spitzmiller*, 663 S.W.2d 351 (Mo. App.1983); *Hahn v. Hahn*, 488 S.W.2d 203 (Mo.App.1972). Consideration sufficient to support a contract may be either a detriment to the promisee or a benefit to the promisor. *Heath*, 663 S.W.2d at 356. When a partner signs a promissory note in favor of another partner as his contribution to the capitalization of the partnership, there is a benefit to the promisor in his increased ownership in the partnership and there is a detriment to the promisee in reducing his interest therein. *Id.* Fischer's promissory note to Brancato, therefore, constituted his capital contribution to the partnership.

■ Brancato argues he made demand on Fischer to pay the note and Fischer's failure to pay on demand abrogated Fischer's interest in the partnership. The note signed by Fischer read as follows: "ON DEMAND, and if no demand is made, then on the 31st day of December, 1990, the undersigned [Fischer] promises to pay to the order of DONALD H. BRANCATO ... the sum of [$6,440.00] with interest thereon...." In *Shaughnessy v. Mark Twain State Bank*, 715 S.W.2d 944, 950 (Mo.App.1986), the court found that the terms "On demand, and if no demand is made, then on the 16th day of February, 1980" negated the demand status of the note. In *Reese v. First Missouri Bank and Trust Co. of Creve Coeur*, 664 S.W.2d 530, 536–537 (Mo.App.1983), the court found that no demand note was created by the language "On demand and if no demand be made the principal and interest is payable in monthly installments ... commencing on April 6, 1981 and on that day of each succeeding month until maturity, March 6, 1984." Here, the language of the note signed by Fischer mirrored the language of the notes in *Shaughnessy* and *Reese*. Thus, the note in the instant action was not due upon demand, but was due on December 31, 1990, a date after Brancato expelled Fischer from the partnership.

■ Furthermore, Fischer's failure to pay on the note was behavior occurring after the formation of the partnership and did not

---

1. Although both Doron Associates and Brancato were listed as defendants in the action below and as appellants on the notice of appeal, we refer to them collectively as "Brancato" hereinafter in the opinion.

operate to negate the agreement to create a partnership. The intent to form a partnership is determined at the time of formation. Fischer's actions after the inception of the partnership were immaterial to the issue of whether he and Brancato intended to form a partnership, where the facts are that they signed an agreement to form a partnership, bought a building in the name of the partnership, and operated the building as a partnership. *See Stein v. Jung*, 492 S.W.2d 139, 144 (Mo.App.1973)(fraud committed by partner at or prior to the inception of the partnership immaterial because partners formed a partnership, purchased a business, and operated the business as a partnership).

There was sufficient evidence to support the trial court's conclusion that Brancato and Fischer created a partnership. Brancato's second point is denied.

■ In his first point, Brancato claims Fischer lacked standing to bring an action in equity for an accounting or dissolution of the partnership. He argues Fischer's "refusal to make any capital contribution to the purported partnership" was tantamount to a breach of the agreement and barred him from bringing the present action. We disagree. It was not necessary for Fischer to contribute cash in order to form a partnership. As discussed above, Fischer's contribution to the capitalization of the partnership in the form of a promissory note was sufficient consideration for the formation of the partnership. Brancato's first point is denied.

■ In his third point, Brancato claims the trial court erred in determining the amount of the judgment which it entered in favor of Fischer. He contends the court did not follow the terms of the agreement in dividing the assets of the partnership.

■ When the agreement is silent as to the consequences of dissolution by less than all the partners, the Missouri Uniform Partnership Act applies and determines the rights of the parties. *Haynes v. Allen*, 482 S.W.2d 85, 87 (Mo.App.1972). Here, the agreement and the amendment thereto made no provision for the division of partnership assets in the event one partner expels the other, although some portions of the agreement offer guidance as to the distribution of assets upon termination of the partnership. Article 10.1 of the agreement values the interest of a withdrawing or deceased partner as follows:

The value . . . shall be the sum of his capital account and his drawing account at the effective date of his withdrawal or the date of his death. His drawing account shall include his proportionate share of profits and losses of the partnership to such date. All partnership assets shall be valued at book value as of such date except that the appraised value of the real property and equipment determined in accordance with [the agreement] shall be substituted for their book value. . . .

Article 11.5 of the agreement provides that, should the remaining partner decide to continue the partnership business, that partner has the obligation to pay the withdrawing or deceased partner "the value of his interest as provided in this Agreement." Section 358.380.2, RSMo(1994) of the Missouri Uniform Partnership Act addresses the situation where the dissolution of the partnership is brought about in contravention of the partnership agreement; and grants the partner who has not caused the dissolution, among other things, the right to receive the net amount of his interest in the partnership as determined by subtracting his proportionate share of the liabilities of the partnership from the amount of his interest in the partnership.

In the instant action, on July 8, 1987, Brancato sent Fischer a letter informing him that his interest in the partnership was terminated. Such an express intention to divorce his partner from further connection with the business was an act of dissolution by Brancato under § 358.310, RSMo(1994). *See Stein*, 492 S.W.2d at 144. Brancato also locked Fischer out of the building, further evincing his intent to exclude Fischer from the business of the partnership.

The trial court's calculation of Fischer's interest in the partnership was determined in compliance with the Missouri Uniform Partnership Act as well as with the instructive portions of the agreement. The court awarded Fischer his proportionate share of the

partnership assets, less his proportionate share of the partnership liabilities, as of July 8, 1987, the date Brancato expelled Fischer from the partnership. The amendment to the agreement specified that Fischer's share of the partnership was 28 percent. The court determined the net value of the building as of July 8, 1987, by deducting the indebtedness on the building from the fair market value of the building on that date. The court awarded Fischer 28 percent of the net value of the building and of the profits of the partnership as of July 8, 1987. The court then reduced that figure by the amount Fischer owed Brancato under the terms of the note, plus interest. It was proper for the trial court to offset the award to Fischer by the amount of his indebtedness to Brancato. See Prange, 755 S.W.2d at 590 (note properly deducted from judgment in favor of partners who signed note). The trial court correctly calculated Fischer's interest in the partnership.

Brancato argues the trial court should have reimbursed him for payments he made for improvements to the building. Brancato, however, failed to produce evidence to substantiate his claim for the cost of the improvements.

The amount of the judgment entered by the trial court was supported by the evidence. Brancato's third point is denied.

Fischer raises a point of error on appeal. He requests this court to amend the judgment by specifying that the judgment lien against the building relates back to the date he filed a lis pendens. Fischer, however, did not file a notice of appeal. We, therefore, decline to address any issue raised by him on appeal because no issue is before us.

The judgment of the trial court is affirmed.[2]

AHRENS, C.J. and BLACKMAR, Senior Judge, concur

---

**2.** Fischer's motion to dismiss Brancato's appeal on the grounds that the brief failed to comply with Rule 84.04 and that the record on appeal failed to comply with Rule 81.12 is denied.