**Douglas S. NORBER, Respondent,**

v.

**Steven and Deborah MARCOTTE, Appellants.**

**No. ED 82672.**

Missouri Court of Appeals, Eastern District, Division Four.

March 9, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 28, 2004.

Application for Transfer Denied June 22, 2004.

Matthew P. O'Grady, St. Louis, MO, for appellant.

William L. Sauerwein, St. Louis, MO, for respondent.

BOOKER T. SHAW, Presiding Judge.

■ Steven and Deborah Marcotte (collectively, "Marcotte") appeal from the trial court's entry of a default judgment against them in favor of Douglas Norber ("Norber") and from the damage awards derived from that judgment. Marcotte raises six points on appeal challenging the trial court's rulings with respect to the discovery sanctions entered against him and the damage awards arising from Norber's petition, which Marcotte claims does not state a claim for relief. The trial court's judgment is affirmed in part, reversed and remanded in part.[1]

In October 1993, Marcotte and Norber agreed to open a transmission supply business in the City of St. Louis. Pursuant to their agreement, each party would hold a fifty-percent ownership interest in the business. Norber left his current employment to work full time at the business, while Marcotte continued to work elsewhere.

Norber continued to perform all aspects of management and work full time until sometime in 1997, when Marcotte joined him. Marcotte assumed responsibility for the financial aspects of the business, while Norber retained control over purchasing supplies and inventory, making sales, and handling all personnel matters. Norber took no income during the early years of the business at the behest of Marcotte in an effort to make the business more profitable.

The business flourished from 1998 until 2001. Periodically, Norber approached Marcotte about formalizing their agreement in a written partnership agreement, but Marcotte declined. Marcotte assured Norber that the partnership could be formalized at a later date. Norber also requested to review and inspect the financial papers of the business, but Marcotte did not permit Norber access to these documents.

In July 2001, Norber retained counsel to draft a formalized partnership agreement. When Norber approached Marcotte about reviewing and signing the agreement, Marcotte locked Norber out of the business and prevented him from engaging in any operation of the business.

Norber filed suit against Marcotte for fraud and damages in St. Louis City in August 2001. After protracted discovery disputes, Norber voluntarily dismissed his petition on May 3, 2002.

---

1. Marcotte filed a motion to strike Norber's supplemental legal file and portions of his brief and appendix. Marcotte claims the supplemental legal file contains material that was not properly before the trial court. Marcotte also alleges various exhibits included in Norber's appendix are extraneous and were not presented to the trial court, and therefore, cannot be included in the record on appeal. This Court struck Norber's Appendix Exhibit A–7, but reserved ruling on the remaining portions of Marcotte's motion. Rule 81.12(a) provides the record on appeal shall contain all of the record, proceedings, and evidence necessary to the determination of all ques-

tions to be presented to this Court. *Jaggie v. Attaran,* 70 S.W.3d 595, 597 (Mo.App. E.D. 2002). If an item is not necessary to the determination of issues on appeal, it should be omitted from the record. *Selby v. Scott,* 859 S.W.2d 898, 899 (Mo.App. S.D.1993). Appendix Exhibit A–1 clearly falls into the nonessential category and will be stricken. However, many of the records from the City litigation are duplicated in Norber's supplemental legal file, and therefore, we strike those portions of the supplemental legal file that conflict with what Marcotte has filed pertaining to the City litigation.

Later that same day, Norber refiled his petition requesting an accounting of the partnership assets, as well as seeking damages for breach of partnership agreement, breach of fiduciary duty, unjust enrichment, and fraudulent misrepresentation in St. Louis County. In October 2002, Norber propounded interrogatories and requests for production to Marcotte. Marcotte refused to answer several of the interrogatories, objecting to the requests on various grounds. The trial court overruled all of Marcotte's objections to the discovery requests and granted Norber's motion to compel production.

Norber filed a motion for sanctions against Marcotte for failing to comply with the trial court's order to tender proper discovery. The trial court granted Norber's motion for sanctions, but allowed Marcotte an additional fifteen days to comply with the discovery requests or his answer would be stricken.

Marcotte delivered two boxes to Norber containing 3,354 pages of discovery. After reviewing its contents, Norber brought a second motion for sanctions, arguing the documents were evasive, duplicative, incomplete, and nonresponsive to his request for production. The trial court conducted an *in camera* inspection of the documents and agreed with Norber's assessment. The trial court struck Marcotte's answer and later entered a default judgment against him.

The trial court held a hearing, on the issue of damages only, in January 2003. Norber presented two witnesses at the damages hearing and testified on his own behalf. The trial court did not permit Marcotte to present any evidence on his behalf, cross-examine any witnesses, or offer any objections during the witnesses' testimony.

On February 13, 2003, the trial court awarded Norber both actual and punitive damages on his petition. The trial court overruled Marcotte's motion for new trial. Marcotte appeals, raising six points of error with respect to the trial court's judgment.

■ Marcotte's first point on appeal claims the trial court lacked subject matter jurisdiction to strike his answer and enter a default judgment against him in that Norber's petition does not state a claim upon which relief can be granted. Marcotte argues the petition is replete with legal conclusions and lacks the factual foundation to support Norber's claims.

■ The defense of failure to state a claim can be raised at any time, including upon appeal. Rule 55.27(g)(2); *Bray v. Brooks,* 41 S.W.3d 7, 15 (Mo.App. W.D. 2001). The failure to state a claim is a jurisdictional defect and may be raised *sua sponte* by the appellate court. *Bray,* 41 S.W.3d at 15.

■ Our review of whether a petition fails to state a claim requires us to consider the pleadings, allowing them their broadest intendment, and accepting as true the facts as pleaded with all reasonable inferences arising therefrom. *Polk v. Inroads/St. Louis, Inc.,* 951 S.W.2d 646, 647 (Mo.App.E.D.1997). If the allegations invoke principles of substantive law entitling a plaintiff to relief, the petition should not be dismissed. *Industrial Testing Laboratories, Inc. v. Thermal Science, Inc.,* 953 S.W.2d 144, 146 (Mo.App. E.D.1997).

We focus our analysis on Count II of Norber's petition alleging Marcotte's breach of the partnership agreement. This claim presupposes a partnership exists between Norber and Marcotte, and it is the basis for every other claim in Norber's petition. Marcotte claims Norber alleges no factual basis that a partnership exists between them, and therefore, if

there is no partnership, the rest of Norber's petition would fail to state a claim upon which relief could be granted.

■ The law never presumes a partnership exists, but rather, the burden is upon the party asserting its existence to establish all elements of a partnership by clear, cogent, and convincing evidence. *Morrison v. Labor and Indus. Relations Com'n,* 23 S.W.3d 902, 907–908 (Mo.App. W.D.2000). "Clear, cogent, and convincing" means the court should be "clearly convinced of the affirmative of the proposition to be proved." *Grissum v. Reesman,* 505 S.W.2d 81, 86 (Mo.1974); *Hillme v. Chastain,* 75 S.W.3d 315, 317 (Mo.App. S.D.2002). This does not mean that there may not be contrary evidence. *Id.*

■ Section 358.060.1, RSMo 2000[2] defines a partnership as "an association of two or more persons to carry on as co-owners [of] a business for profit." *Fischer v. Brancato,* 937 S.W.2d 379, 382 (Mo.App. E.D.1996). "Partnership is defined by the courts as a contract of two or more competent persons to place their money, effects, labor and skill, or some or all of them, in lawful commerce or business and to divide the profits and bear the loss in certain proportions." *Id.* A partnership agreement may be oral or written, express or implied, from the acts and conduct of the parties; however, the primary criteria in determining the creation of a partnership is the intention of the parties. *Id.* It is not necessary that the parties have the intent to form a partnership, only that they have the intent to enter into a relationship constituting a partnership in law. *Id.*

Taking all of the allegations in Norber's petition as true, Norber stated a claim for relief against Marcotte. The petition sufficiently alleges a partnership existed between Norber and Marcotte. Norber averred the parties entered into a verbal agreement to open a transmission supply business in October 1993. Norber devoted his time, labor, and skills to the business from its inception until Marcotte locked him out of the business in July 2001. Norber also discussed how he participated in every aspect of the business and how he and Marcotte agreed to forbear income in an effort to make the business profitable. Additionally, Norber alleged the parties held themselves out to third parties as partners. Since Norber alleged sufficient facts to establish partnership existed between him and Marcotte, he was entitled to seek an accounting, as per the first count in his petition.

■ As to the second count of Norber's petition, breach of the partnership agreement, we must analyze contract law to determine whether Norber stated a claim for relief. To make a submissible case for breach of contract claim, a plaintiff must allege and prove: (1) a mutual agreement between parties capable of contracting; (2) mutual obligations arising out of the agreement; (3) valid consideration; (4) part performance by one party; and (5) damages resulting from the breach of contract. *Fidelity Nat. Title Ins. Co. v. Tri–Lakes Title Co. Inc.,* 968 S.W.2d 727, 730 (Mo.App. S.D.1998).

As discussed above, Norber alleged sufficient facts to show there was a mutual agreement between Marcotte and Norber to form the business and each had mutual obligations in the running of the business. Norber alleged he terminated his current employment in anticipation of opening the business, and took no income for many years in an effort to make the business more profitable. Norber also alleged Marcotte breached his partnership agreement by locking him out of the business, ignor-

**2.** All further statutory references are to RSMo 2000 unless otherwise indicated.

ing his requests to inspect the books, misrepresenting the state of the business, and wrongfully transferring funds from the business account to Marcotte's personal account. Finally, Norber alleged damages in the form of lost wages, lost profits, and loss of his interest in the partnership as of the date he was locked out of the business. We find the allegations were sufficient to state a claim for relief.

Marcotte does not discuss the remaining counts in Norber's petition, but argues that these counts must fail if we find there was no partnership. Since we find Norber sufficiently alleged a partnership existed between him and Marcotte, the petition states a claim for relief for breach of fiduciary duty, fraudulent misrepresentation, and unjust enrichment. Marcotte's first point is denied.

■ Marcotte's second point argues the trial court erred, abusing its discretion in striking his answers and entering a default judgment against him for discovery violations because Norber failed to allege or prove prejudice by his actions. Specifically, Marcotte argues the alleged discovery was not made part of the record or placed before the trial court. Finally, Marcotte argues the trial court made no finding that Norber was prejudiced in its ruling.

■ The trial court is vested with broad discretion regarding discovery matters. *L.J.B. v. L.W.B.*, 921 S.W.2d 23, 28 (Mo.App. E.D.1996). This Court will not interfere with the trial court's decision to impose sanctions for discovery violations unless there is a clear showing of an abuse of discretion. *American Property Maintenance v. Monia*, 59 S.W.3d 640, 646 (Mo.App. E.D.2001). The burden is on the moving party to prove the allegations of a motion for sanctions for failing to cooperate in discovery matters. *Ballesteros v. Johnson*, 812 S.W.2d 217, 224 (Mo.App.

E.D.1991). Prior to imposing sanctions on an errant party, the trial court must first determine whether, in a particular situation, the opposing party was prejudiced. *State ex rel. Missouri Highway and Transp. Com'n v. Pully*, 737 S.W.2d 241, 245 (Mo.App. W.D.1987).

Norber's motion to compel and for sanctions filed on September 24, 2002 alleged he was prejudiced by Marcotte's failure to produce the requested discovery because he was unable to prepare for trial. Moreover, Norber's motion detailed a failed attempt to compromise with Marcotte in order to obtain the requested discovery in light of some personal issues Marcotte encountered around the filing deadline.

On October 24, 2002, Norber filed a motion to strike answers and for sanctions. Norber alleged Marcotte delivered two boxes containing approximately 3,500 documents, many of which were duplicative, incomplete, and nonresponsive to his request for production. In his motion, Norber stated the requested documents were relevant to provide him with "access to information to develop [Norber's] case as presented by the pleadings, to preserve evidence, and to eliminate the prospect that [Marcotte] could continue to conceal information or surprise [Norber] with information at trial." While he does not use the word "prejudice," this is sufficient to make the allegation of prejudice when coupled with his detailed description of the inadequacies of the produced documents.

Marcotte's contention that the discovery at issue was not before the trial court is without merit. Rule 57.01(b) requires interrogatories be filed contemporaneously with the court only when those interrogatories are placed into issue by motion of the parties or by court order. Rule 58.01(c) has a similar provision for requests for production. The trial court's

judgment granting Norber's motion specifically states, "both [Norber and Marcotte's] counsel appeared with the documents produced by [Marcotte]. These documents were left with the [c]ourt for an [i]n camera inspection, which inspection has been accomplished by the [c]ourt." While the documents were not filed contemporaneously with Norber's motion, the trial court reviewed the documents before issuing its ruling.

Finally, while the trial court's ruling does not state with specificity Norber was prejudiced by Marcotte's actions, it is clear from the trial court's holding it concluded Norber suffered prejudice as a result of Marcotte's inadequate discovery. The trial court held Marcotte's tendered documents were "incomplete and unverified" and "do not appear to be kept in the usual course of business," nor were they "organized or labeled to correspond with the [r]equest in violation of … Rule 58.01(b) and 57.01 respectively." The trial court described the documents as "woefully incomplete and unhelpful in aiding [Norber] to determine the relevant facts prior to trial or to allow [Norber] to develop his case or to eliminate the possibility of surprise at trial." Finally, the trial court disregarded any excuse Marcotte offered for the state of the discovery as not credible and held Marcotte's conduct "is a part of a pattern of repeated and willful disregard for orders of this [c]ourt and a long course of refusal to provide documents and repeated disregard for [Norber's] discovery requests." Point two is denied.

In Marcotte's third point, he argues the trial court erred and abused its discretion in striking his answers and entering a default judgment against him because there was insufficient evidence to support a finding Marcotte acted with contumacious disregard for the authority of the trial court. The record refutes this point.

The trial court is justified in applying sanctions where the record reveals a long course of failure to produce documents, or the facts show a pattern of repeated disregard to comply with discovery. *Dobbs v. Dobbs Tire & Auto Centers, Inc.*, 969 S.W.2d 894, 899 (Mo.App. E.D. 1998). Rule 61.01 provides the trial court may enter an order to strike the pleadings and render judgment by default against a party who fails to obey an order to answer interrogatories. *Whitworth v. Whitworth*, 878 S.W.2d 479, 481 (Mo.App. W.D.1994). Entering a default judgment for failing to tender discovery, though drastic, is appropriate when a party has shown contumacious and deliberate disregard for the trial court's authority. *Spacewalker, Inc. v. American Family Mut. Ins. Co.*, 954 S.W.2d 420, 423 (Mo.App. E.D.1997).

The record contains substantial evidence showing Marcotte acted with contumacious and deliberate disregard for the trial court's authority. After re-filing his petition in St. Louis County, Norber sent interrogatories and requests for production to Marcotte. Marcotte initially denied and/or objected to almost every interrogatory Norber sent. Norber brought a motion to compel, and the trial court overruled all of Marcotte's objections to these interrogatories. After granting Marcotte additional time to file responses, Marcotte failed to abide by the deadline. Moreover, the trial court found the excuses offered by Marcotte "simply not credible."

As elucidated in our analysis of Marcotte's second point, the trial court made detailed findings with respect to Marcotte's inadequate discovery response. The trial court specifically held Marcotte's conduct was a part of a pattern of repeated and willful disregard for the trial court's orders and Norber's discovery re-

quests. Thus, we find the trial court did not abuse its discretion. Point three is denied.

██ In his fourth point on appeal, Marcotte argues the trial court erred in entering its judgment and damage awards because it misapplied the law, as the various claims asserted by Norber were alternative or inconsistent theories. Marcotte argues Norber's claim for breach of partnership and unjust enrichment, as well as for fraudulent misrepresentation, were argued in the alternative and judgment on all three counts constitutes an inconsistent judgment.

██ This Court will affirm the damage award in a bench trial unless there is no substantial evidence to support the judgment, it is against the weight of the evidence, or the trial court erroneously declares or applies the law. *Morgan Publications, Inc. v. Squire Publishers, Inc.,* 26 S.W.3d 164, 172 (Mo.App. W.D.2000). "Under this standard, an appellate court sets aside a trial court's judgment as 'against the weight of the evidence' only if it firmly believes that the judgment is wrong." *Id.*

The trial court entered judgment against Marcotte for all counts in Norber's petition. As to Count I, request for an accounting, the trial court awarded no damages. With respect to Count II, breach of the partnership agreement, the trial court awarded Norber $250,000 in actual damages, which was one-half of the value of the partnership. The trial court awarded $120,000 actual damages and $75,000 punitive damages for Count III, breach of fiduciary duty. Norber received $80,000 actual damages for his allegation of unjust enrichment in Count IV. Finally, as to Count V, fraudulent misrepresentation, the trial court awarded Norber $150,000 actual damages and $100,000 punitive damages.

██ It is a well-settled rule in Missouri that a party cannot be compensated for the same injury twice. *Meco Systems, Inc. v. Dancing Bear Entertainment, Inc.,* 42 S.W.3d 794, 810–11 (Mo.App. S.D.2001). This is true whether the injury arises out of contract or tort. *Id.* at 811. Although a plaintiff is entitled to proceed on various theories of recovery, he or she cannot receive duplicative damages; instead he or she must establish a separate injury on each theory. *Fidelity Nat. Title Ins. Co.,* 968 S.W.2d at 733. While a single transaction may invade more than one right, a plaintiff may not be made more than whole or receive more than one full recovery for the same harm. *Id.; see also, Schreibman v. Zanetti,* 909 S.W.2d 692, 703 (Mo.App. W.D.1995), *Kincaid Enterprises Inc., v. Porter,* 812 S.W.2d 892, 900 (Mo.App. W.D. 1991).

██ The measure of damages in a breach of contract case is the benefit of the bargain. *Kincaid,* 812 S.W.2d at 900. Therefore, compensation is the value of the performance of the contract. *Id.* Similarly, the measure of damages in a fraud case where the defrauded party retains the property is the benefit of the bargain. *Id.* "Compensation is 'the difference between the actual value of the property and what its value would have been if it had been as represented.'" *Id.* (quoting *Smith v. Tracy,* 372 S.W.2d 925, 938 (Mo.1963)). The *Kincaid* court held the proven damages for both the breach of contract and for fraud were the same, and therefore, merged. *Id.; see also, Schreibman,* 909 S.W.2d at 704 (holding damage awards for breach of partnership agreement and fraudulent misrepresentation must merge because each award represents the same benefit of the bargain damages).

The record reflects Norber was compensated twice with respect to the trial court's

award of damages for fraudulent misrepresentation. Norber claimed the damage award was based on the money wrongfully transferred from the partnership into Marcotte's personal account. Receiving the full amount of the transferred money resulted in a windfall to Norber because he only held a fifty-percent interest in the partnership. Thus, he was only entitled to fifty-percent of the money transferred by Marcotte.

Rule 84.14 authorizes this Court, when possible, to finally dispose of the case so as to settle the rights of the parties. On review, we may dispense with the remand process and "render the judgment that should have been rendered by the trial court." *Meiners v. Meiners,* 858 S.W.2d 788, 791 (Mo.App. E.D.1993). We are able to do so when the record and evidence give us some degree of confidence in the reasonableness, fairness, and accuracy of the conclusion reached. *Babbitt v. Babbitt,* 15 S.W.3d 787, 791 (Mo.App. S.D. 2000). Therefore, we modify the actual damages award with respect to Norber's fraudulent misrepresentation count of his petition, and find Norber is entitled to only $75,000, as opposed to $150,000 awarded by the trial court.

Marcotte argues in his fifth point on appeal that the trial court erred in entering an award of punitive damages against him because Norber failed to present clear and convincing evidence in support of that award. Marcotte claims even if Norber's allegations in his petition are deemed admitted, they do not rise to the level of clear and convincing evidence of an evil motive.

Punitive damages are an extraordinary and harsh remedy and should be applied sparingly. *Misischia v. St. John's Mercy Medical Center,* 30 S.W.3d 848, 866 (Mo.App. E.D.2000). The party

requesting punitive damages is required to present clear and convincing evidence of evil motive and reckless indifference to his or her rights before punitive damages can be considered. *Rodriguez v. Suzuki Motor Corp.,* 936 S.W.2d 104, 111 (Mo. banc 1996).

A default judgment entered by way of a court-imposed sanction for discovery violations is not a true default judgment. *Simpkins v. Ryder Freight System, Inc.,* 855 S.W.2d 416, 420 (Mo.App. W.D. 1993); *see also, In re Marriage of Dickey,* 553 S.W.2d 538, 539 (Mo.App.K.C.Dist. 1977), *Hayes v. Hayes,* 677 S.W.2d 933, 934 (Mo.App. S.D.1984). "It 'does not come by default in an ordinary sense, but is treated as a judgment upon trial by the court.'" *Simpkins,* 855 S.W.2d at 420 (quoting *In re Marriage of Dickey,* 553 S.W.2d at 539). By imposing this sanction, it is presumed that no merit exists in the asserted defense in light of the failure of the errant party to produce the information necessary to dispose of the cause. *Hayes,* 677 S.W.2d at 935.

As discussed previously, Norber's petition made a submissible case with respect to all counts of his petition. Norber alleged he terminated his current employment in anticipation of opening the business with Marcotte, and he refrained from receiving income for many years in an effort to make the business more profitable. Norber averred Marcotte breached his partnership agreement by locking him out of the business, ignoring his requests to inspect the books, misrepresenting the state of the business, and wrongfully transferring funds from the business account to Marcotte's personal account.

At the damages hearing, Richard Dreiling, vice-president of Jefferson Bank and Trust, testified that Marcotte made deposits from the partnership bank account into his personal account on more than one

occasion. W. Thomas Frogge ("Frogge"), a certified public accountant, testified at the hearing about the business's value. Frogge testified that if he had been able to review additional documents, which were not provided by Marcotte, he might have been able to adjust his final figure as to what the business was worth at the time Norber was locked out.

Norber testified at the hearing about the facts leading up to the formation of the partnership with Marcotte, his duties and contributions to the business, and how Marcotte locked out him of the business. Additionally, Norber testified about how he refrained from drawing income from the business in an effort to make it more profitable and about Marcotte's actions in withholding access to the financial records.

We find the admitted allegations, coupled with the testimony presented at the damages hearing, were sufficient to warrant the punitive damages award against Marcotte. Point five is denied.

Finally, Marcotte argues in his sixth point on appeal that the trial court abused its discretion in its award of attorney fees because there was insufficient evidence to support the award. Marcotte also claims the award went beyond the scope of the relief requested in Norber's petition.

■■■■■ The trial court's award regarding attorney fees is presumptively correct, and as such, we only reverse if the trial court manifestly abused its discretion. *Brady v. Brady*, 39 S.W.3d 557, 564 (Mo. App. E.D.2001). The complaining party has the burden of showing the trial court's decision was against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice. *Cohen v. Cohen*, 73 S.W.3d 39, 56 (Mo.App. W.D.2002).

Marcotte focuses on the fact the trial court's award of attorney fees goes beyond the trial court's authority. Marcotte points to *Consolidated Public Water Supply v. Kreuter*, 929 S.W.2d 314 (Mo.App. E.D.1996) for the proposition that attorney fees are only proper in four instances: (1) when called for by contract; (2) when authorized by statute; (3) when incurred as an item of damages because of involvement in collateral litigation; or (4) when a court of equity finds it necessary to adjudge them in order to balance the benefits. *Id.* at 317. Marcotte argues none of these instances are present here, and therefore, the trial court abused its discretion in its award.

■■■■ What Marcotte fails to discuss in his argument is the authority of the trial court to award attorney fees for violations of the discovery rules. Rule 61.01(d)(4) permits the trial court to order the offending party to pay the reasonable expenses, including attorneys fees to the prevailing party. Here, in the trial court's judgment granting Norber's motion to strike and for sanctions, it found Norber was entitled to attorney fees, but deferred entering an amount until the damages hearing. Moreover, Norber presented evidence during the hearing of the fees he incurred with respect to the litigation, including the discovery battle, with invoices provided by his counsel which were admitted into evidence.

■■■■ Although we find the trial court did not abuse its discretion in entering an award of attorney fees in this case, the record does not support the *amount* of the award. If this Court finds an award of attorney fees excessive, we are authorized to fix a fee. *Reid v. Reid*, 950 S.W.2d 289, 291 (Mo.App. E.D.1997). The trial court awarded Norber $43,851.07 in attorney fees, a portion of which were incurred during the prior St. Louis City litigation. The trial court exceeded its authority in entering such an award because it did not preside over the proceedings in the St.

Louis City and could not impose sanctions for those discovery violations. Unfortunately, we are unable to ascertain the amount of attorney fees incurred in the St. Louis County litigation because the invoices were not made part of the record on appeal. As such, we vacate the trial court's award with respect to attorney fees and remand for a determination of the amount of attorney fees incurred in the St. Louis County litigation only.

Therefore, the judgment of the trial court is affirmed in part and reversed and remanded in part for further proceedings consistent with this opinion.

LAWRENCE G. CRAHAN, J., concurs.

PATRICIA L. COHEN, J., concurs.