Judy A. ANDERSON, Tracey R. Frerich, Cody D. Allen, Brady R. Storms, Emma Storms, Respondents,

v.

ARROW TRUCKING COMPANY,
Appellant,

and

Missouri Department of
Transportation,
Defendant.

No. WD 64997.

Missouri Court of Appeals,
Western District.

Nov. 8, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 20, 2005.

Application for Transfer Denied
Jan. 31, 2006.

Paul Hasty, Jr., Overland Park, KS, for Appellant.

Richard Rollings, Jr., Camdenton, Mark Parrish, Lee's Summit, for Respondent.

PAUL M. SPINDEN, Judge.

The circuit court, apparently convinced that Arrow Trucking Company had been evasive and not forthcoming in supplying information and documents requested by the plaintiffs during discovery, struck Arrow Trucking's pleadings for violating Rule 61.01 and entered judgment on liability against it. We affirm the circuit court's judgment.

Precipitating this lawsuit was a 1998 collision between a car driven by Tracey Frerich, in which Judy Anderson, Cody Allen, and Brady and Emma Storms were passengers,[1] and one of Arrow Trucking's tractor-trailer rigs. The rig moved into the same lane of traffic in which Frerich's car was traveling. Frerich swerved her car to the left, but the car was crushed between a guardrail and the rig. The rig dragged Frerich's car down the highway.

On March 14, 2003, the plaintiffs sued Arrow Trucking and the Missouri Department of Transportation. The plaintiffs later served Arrow Trucking with interrogatories and requests for production. Arrow Trucking responded on June 27 by objecting to several of the plaintiffs' requests. The plaintiffs and Arrow Trucking resolved some of their disagreements, and they asked the circuit court to resolve the remaining ones. The circuit court overruled several of Arrow Trucking's objections during a telephone conference on February 11, 2004. The parties exchanged letters stating that they mutually understood the circuit court's rulings.

On April 2, 2004, Arrow Trucking had not responded to the plaintiffs' requests, and the plaintiffs sent a letter to Arrow Trucking demanding the information and documents. When Arrow Trucking still had not yet provided the information 25 days later, the plaintiffs filed two motions to enforce discovery. Arrow Trucking did not respond to either one. On May 11, the circuit court ordered Arrow Trucking to provide "full and complete responses" to the plaintiffs' discovery requests within 10 days. Arrow Trucking filed supplemental responses on May 21.

Not satisfied with Arrow Trucking's responses, the plaintiffs filed a motion asking the circuit court to impose sanctions against Arrow Trucking pursuant to Rule 61.01. The plaintiffs argued that Arrow Trucking did not comply with the circuit court's order of February 11 and that Arrow Trucking's responses of May 21 were evasive and incomplete. After a hearing on July 22, the circuit court granted the plaintiffs' motion and struck Arrow Trucking's pleadings.

A hearing on damages followed in September. The circuit court did not allow Arrow Trucking to present evidence or to cross-examine witnesses unless the plaintiffs presented new evidence. The plaintiffs did not present any new evidence. On December 7, the circuit court entered judgment against Arrow Trucking.

■ In appealing the judgment, Arrow Trucking first contends that the circuit court's order of May 11 was the only order compelling it to respond to the plaintiffs' discovery requests, and, because it responded within 10 days, that the circuit court lacked jurisdiction to strike its answer and enter judgment against it. The plaintiffs counter that the circuit court overruled several of Arrow Trucking's discovery objections on February 11 and ordered the firm to respond. Arrow Trucking violated the order, the plaintiffs contend, by not responding.

The plaintiffs are correct. The circuit court specifically overruled several of Ar-

---

1. We will refer to these individuals collective- ly as plaintiffs.

row Trucking's objections. Arrow Trucking acknowledged the circuit court's ruling in its letter of February 16 to the plaintiffs. For example, Arrow Trucking objected to Interrogatory No. 10 in the plaintiffs' first set of interrogatories, and, after the February 11 discovery conference, it acknowledged that the circuit court had ruled that it was obligated to provide the information requested. Because the circuit court had overruled Arrow Trucking's objections, Rule 61.01 obligated it to respond. When Arrow Trucking still had not responded on April 27, the circuit court had discretion to sanction it, assuming that Arrow Trucking had received reasonable notice. Rule 61.01. Contrary to Arrow Trucking's contention, it violated a discovery order and, after the plaintiffs moved to enforce discovery, the circuit court had jurisdiction to sanction it.

■ Arrow Trucking argues that Rule 32.2.4 of the Sixteenth Judicial Circuit deprived the circuit court of jurisdiction "to overrule [Arrow's] objections and enter an Order" on February 11, because the plaintiffs had not filed a motion to enforce discovery. Arrow Trucking misreads the rule. Rule 32.2.4 says, "Motions to compel answers to interrogatories will not be entertained by the Court. A failure to fully answer interrogatories shall be directed to the Court's attention by filing a Motion for Enforcement of Discovery pursuant to Supreme Court Rule 61.01.". Rule 61.01 empowers the circuit courts to "make such orders ... as are just" on motion and reasonable notice to a party that does not respond to discovery requests.

Rule 32.2.4's purpose is simple and obvious: It directs a party wanting the circuit court to enforce its discovery order to Rule 61.01. In doing so, Rule 32.2.4 does not reverse the circuit court's long-standing authority to manage discovery by holding discovery conferences and ruling on discovery objections.

. In this case, the parties resolved most of their disputes, but they sought the circuit court's intervention on their remaining points of disagreement. The circuit court had authority to overrule Arrow Trucking's discovery objections and to order it to respond even though the plaintiffs had not filed a motion to enforce discovery. The plaintiffs filed a motion to enforce discovery before the circuit court's order of May 11, giving the circuit court authority to sanction Arrow Trucking under Rule 61.01.

Furthermore, Arrow Trucking does not explain how Rule 32.2.4 applies to Arrow Trucking's objections to plaintiffs' requests for production. That rule addresses only failure to answer interrogatories, not failure to produce requested documents. Even were Arrow Trucking's reading of Rule 32.2.4 correct, the rule would not be pertinent to the dispute concerning requests for production.

■ Arrow Trucking next argues that the circuit court abused its discretion by striking its answer to the plaintiffs' complaint and by entering default judgment against it. Arrow Trucking contends that the abuse of discretion was manifested in the lack of prejudice to the plaintiffs and by the lack of evidence that Arrow Trucking failed to act by virtue of a contumacious, deliberate disregard for the circuit court's order.

■ The circuit court has much discretion in controlling discovery and in determining the proper remedy—including sanctions—for a party's noncompliance with discovery. *Dorsch v. Family Medicine, Inc.*, 159 S.W.3d 424, 439 (Mo.App. 2005). The circuit court must treat "an evasive or incomplete answer ... as a failure to answer." Rule 61.01(a). Sanctions for failing to answer may include

striking the offending party's pleadings and entering default judgment when the offending party has shown a contumacious, deliberate disregard for the circuit court's authority. Rule 61.01(b) and (d). The circuit court, however, should limit its sanctions to what is necessary to accomplish the purpose of discovery, and the party seeking sanctions must show that its opponent's noncompliance has prejudiced it. *Dorsch*, 159 S.W.3d at 439.

Our review of the circuit court's sanction "is limited to determining whether the trial court could have reasonably concluded as it did, not whether the reviewing court would have imposed the same sanctions under the same circumstances." *Karolat v. Karolat*, 151 S.W.3d 852, 857 (Mo.App.2004). We will not interfere unless we discern that the circuit court clearly has abused its discretion. *Norber v. Marcotte*, 134 S.W.3d 651, 659 (Mo.App.2004). A circuit court abuses its discretion when its rulings are illogical, arbitrary and unreasonable, and indicate a lack of careful consideration. *Giddens v. Kansas City Southern Railway Company*, 29 S.W.3d 813, 819 (Mo. banc 2000). As in most cases, we defer to the circuit court's determination of the witnesses' credibility and the weight to be given their testimony. *Herbert v. Harl*, 757 S.W.2d 585, 587 (Mo. banc 1988).

From this record, we do not discern that the circuit court's ruling defied logic, was arbitrary and unreasonable, or resulted from an unstudied consideration of the situation. That Arrow Trucking was evading and not acting in good faith was a reasonable conclusion by any objective standard. For example, Arrow Trucking's initial response to the plaintiffs' interrogatories was to object that the requests were "unduly burdensome and ... not reasonably calculated to lead to admissible evidence." It said nothing about not having the docu-

ments or information or not being able to obtain it. It waited until months later at a hearing on sanctions to announce that it might not even have the documents. The circuit court was justified in rejecting Arrow Trucking's announcement, especially in light of the dubious practice of discarding such important documents as those detailing dispositions of accident claims, leaving it with no means of proving final disposition of a claim were a claimant to reassert it.

Furthermore, the circuit court overruled several of Arrow Trucking's objections on February 11, obligating Arrow Trucking to respond. Despite communication with the plaintiffs, Arrow Trucking did not provide the plaintiffs with the requested information, prompting the plaintiffs in late April to move to enforce its discovery requests. Even then, Arrow Trucking did not respond although that would have been the opportune time to present affidavits stating that it did not possess the information. Instead, it waited until two days before the hearing on damages to produce an affidavit stating that it had no further information. The affidavit was attached to Arrow Trucking's motion to reconsider, which was filed out of time according to Rule 41.01(d).

Arrow Trucking supplied supplemental responses in obedience of the circuit court's May 11 order, but the responses were non-responsive and incomplete. For example, the circuit court overruled Arrow Trucking's objection to providing information concerning prior claims and lawsuits. Arrow Trucking then provided a "loss run" invoice, but this document did not detail whether or not incidents and accidents had resulted in claims or lawsuits. Nor did it provide the other information included in the plaintiffs' request: who made the claims, who represented the parties, the dates of the claims or lawsuits, and venues

in which lawsuits had been brought. At the sanction hearing, the circuit court gave Arrow Trucking 30 more days to obtain information from its previous lawyers that would help develop a more thorough claims history. The record indicates that Arrow Trucking did not avail itself of this opportunity. Moreover, although Arrow Trucking asserted to the circuit court that it had destroyed pertinent documents because of problems in storing the large volume of records involved, it did not have a stated document retention policy and could not explain why or when the pertinent documents may have been destroyed.

Nor did the circuit court abuse its discretion in determining that Arrow Trucking's conduct prejudiced the plaintiffs. Arrow Trucking's conduct caused the plaintiffs to endure delay and deprived them of potentially valuable information that they could have used in preparing for trial.

In sum, the circuit court's decision was not "so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Giddens*, 29 S.W.3d at 819. We, therefore, affirm the circuit court's judgment.

HAROLD L. LOWENSTEIN, Presiding Judge, and PATRICIA A. BRECKENRIDGE, Judge, concur.