Jacqueline Yvette STRANGE, formerly Jacqueline Yvette Hartmann, Appellant,

v.

Robert Edward HARTMANN, Respondent.

No. 45417.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 1, 1983.

Mary Anne Sedey, St. Louis, for appellant.

Mary Ann Weems, Clayton, for respondent.

CRIST, Judge.

Action involving cross-motions to modify custody provisions of dissolution decree. The initial decree named mother as custodial parent. She sought a modification of the decree that would allow her to remove the children permanently from Missouri. In response, husband filed a counter-motion to modify seeking a transfer of custody of the children to him.

The trial court heard the motions and transferred custody to father, finding it was in the best interests of the minor children to remain in the St. Louis area and that father could provide a more stable environment for the children.

We find the trial court's order is supported by substantial evidence and the trial court correctly declared and applied the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.banc 1976). An extended opinion would have no precedential value.

Judgment affirmed in accordance with Rule 84.16(b).

CRANDALL, P.J., and REINHARD, J., concur.

Gary L. DUGGER, Plaintiff-Respondent,

v.

Judith M. WELP, Defendant-Appellant.

No. 45639.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 1, 1983.

Ray A. Gerritzen, St. Louis, for defendant-appellant.

Paul Schramm, Clayton, for plaintiff-respondent.

KAROHL, Judge.

Plaintiff-respondent, a former husband sued his former wife in equity to reform a note and deed of trust given by defendant-appellant in exchange for a quitclaim deed which conveyed to her his interest in the family home. The documents were exchanged in compliance with the separation agreement of the parties, dated April 8, 1975. On May 12, 1975 the trial court in the dissolution proceeding found the separation agreement to be conscionable, ordered the parties to perform the terms thereof, and granted the dissolution. The promissory note, dated June 10, 1975, provided that appellant would pay to respondent the sum of six thousand dollars ($6,000) without interest within twenty years from the date of the note or upon sale of the property. It further provided that the note was subject to acceleration "Under the terms of a separate contract of even date herewith." The contract referred to in the note was not the separation agreement approved by the trial court in the dissolution proceeding but rather a separate written agreement bearing the same date as the separation agreement, April 8, 1975. This separate contract provided that payment under the note would be due, at the option of respondent, in the event of the wife's death, remarriage or in the event of cohabitation in the home with a male. It did not deal with any property not mentioned in the separation agreement which the court approved. Appellant remarried on June 27, 1980.

This case was tried on respondent's first amended petition in two counts. Count I requested the court to reform the note and deed of trust by adding thereto the acceleration provisions contained in the separate contract. Count II requested a declaratory judgment as to the enforceability of the note, as reformed, and thus to permit the respondent to force appellant to make payment under the note by reason of her remarriage. Count II also requested the court to award respondent attorney's fees.

The trial court ordered the provisions of the note that stated, "This note shall be subject to acceleration under the terms of a

separate contract of even date herewith," reformed to read, "This note shall be subject to acceleration under the terms of an agreement dated April 8, 1975." As to Count II, the court found the acceleration provisions of the separate agreement dated April 8, 1975 to be binding, valid and enforceable; and, that the promissory note dated June 10, 1975 (as reformed) was subject to acceleration by reason of the wife's remarriage. The court ordered appellant to pay respondent's attorneys the sum of fifteen hundred dollars ($1,500).

Appellant first complains that the trial court erred in reforming the note and deed of trust because the plaintiff-respondent participated in the preparation of the separate agreement, failed to disclose its terms to the judge in the dissolution court and therefore should be denied relief on equitable grounds. Subsequent to the entry of judgment in the trial court the real estate constituting the subject matter of this lawsuit was sold, respondent was paid in full, and the note and deed of trust released of record. The parties stipulated to these facts after briefing and argument in this court. Accordingly, there is no longer a justiciable issue existing between the parties with regard to reformation of the note or the acceleration of its payment. The issue is therefore moot as there no longer exists an actual controversy between the parties and appellate review would yield no practical consequence to any right of a litigant. *Grogan v. Hays,* 639 S.W.2d 875, 877 (Mo.App.1982); *Euclid Terrace Corporation v. Golterman Enterprises, Inc.,* 327 S.W.2d 542, 544 (Mo.App.1959).

Appellant also complains that the allowance of any attorney's fee was erroneous. The amount of the award is not in dispute.

Chapter 527 RSMo. 1978, Declaratory Judgments, makes no specific provision for attorney's fees. However, such fees have been allowed in declaratory judgment actions. *Bernheimer v. First National Bank of Kansas City,* 359 Mo. 1119, 225 S.W.2d 745 (Mo. banc 1949); *Preferred Risk Mutual Insurance Co. v. Main,* 295 F.Supp. 207 (W.D.Mo.1968).

"Attorney fees are recoverable only when called for by contract or provided by statute, or when the incurrence of the fees involves the wronged party in collateral litigation, or occasionally, when the court of equity finds it necessary to adjudge them in order to balance benefits." *Bryson v. Bryson,* 624 S.W.2d 92, 98–99 (Mo.App.1981). "However, the equitable balancing of benefits by awarding attorney's fees occurs only if 'very unusual circumstances' can be shown . . . ." *Osterberger v. Hites Const. Co.,* 599 S.W.2d 221, 230 (Mo.App.1980). Respondent concedes in his brief that the note did not call for attorney's fees, that the award is not based upon a statute and this case does not involve collateral litigation as a result of appellant's breach of duty to pay respondent. He contends, however, that the court properly awarded attorney's fees on Count II as an element of damage in order to balance the benefits since the acceleration agreement was (must have been) so clearly understood by appellant that her refusal to honor the terms of the acceleration agreement after her remarriage was unjustified and the sole cause for the present litigation. We disagree.

The trial court ordered the note reformed as requested in Count I. No attorney's fees were requested as to that count. Count II requested the court to declare the reformed note to be valid, binding and enforceable. Not only was Count II a routine proceeding, but the judgment thereon was insignificant after the judgment on Count I wherein no attorney's fees were requested. Respondent has not demonstrated that Count II should be considered as an unusual circumstance so as to justify the allowance of attorney's fees. *Osterberger v. Hites Const. Co.,* 599 S.W.2d 221, 230 (Mo.App. 1980); *In re Kerr,* 547 S.W.2d 837, 841 (Mo.App.1977). In both of these cases we reversed an allowance of attorney's fees for the failure to prove an unusual circumstance, which we construe to mean an unusual type of case or unusually complicated litigation.

We also note that there is no evidence to support a finding that the value of the real

estate received by appellant from respondent had a value of seven thousand five hundred dollars ($7,500) or more, and, on that account, that the judgment constituted a "balance of benefits." Accordingly, this case is not within the exception announced in, *Johnson v. Mercantile Trust Company National Ass'n,* 510 S.W.2d 33, 40 (Mo.1974).

Nor can the award of attorney's fees be approved as an item of damage requiring respondent to resort to collateral litigation against appellant as a "wrongful" party. The underlying dispute of the parties was justified by an existing ambiguity, i.e., whether or not to accelerate the payment of a promissory note which made reference to "the terms of a separate contract of even date herewith" when there was no agreement of even date. The source of the ambiguity was the failure of both parties to object to or correct the error when the note and deed of trust were executed on June 10, 1975. The note was executed several months after the separate agreement and one month after the dissolution proceeding. The error therefore was equally attributable to both parties. For this further reason this case is not within the exception announced in *Johnson v. Mercantile Trust Company National Ass'n.,* 510 S.W.2d 33, 40 (Mo.1974).

Accordingly, under the standard of review announced in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976), and based upon our judgment that the trial court erroneously applied the law to the undisputed facts in this case, we hold that the judgment for attorney's fees was erroneous. The allowance of attorney's fees is reversed. Costs to be taxed one-half against appellant and one-half against respondent. Rule 87.-09.

SIMON, P.J., and STEPHAN, J., concur.