RENTAL COMPANY, LLC.,
Respondent,

v.

CARTER GROUP, INC. and Aandrea Carter, Appellants.

No. WD 75072.

Missouri Court of Appeals,
Western District.

April 30, 2013.

---

John Morris, respondent pro-se.

Wesley J. Carillo, for appellants.

Before Division One: JAMES E. WELSH, Chief Judge, VICTOR C. HOWARD, Judge and PEGGY STEVENS McGRAW, Special Judge.

VICTOR C. HOWARD, Judge.

The Carter Group, Inc. appeals the judgment of the trial court ruling in favor of The Rental Company, LLC on its claim of unjust enrichment related to two loans and corresponding promissory notes between the parties. On appeal, The Carter Group, Inc. contends that the trial court erred in entering judgment in favor of The Rental Company, LLC on its unjust enrichment claim because (1) no evidence was presented to support the elements of the unjust enrichment claim, (2) the judgment for The Rental Company, LLC on the unjust enrichment claim is inconsistent with and contravenes the trial court's judgment against The Rental Company, LLC on its breach of contract claims, (3) the judgment awarded attorney fees in violation of the American Rule, and (4) no evidence was presented supporting an award of late fees. The judgment of the trial court is reversed and the case is remanded for entry of judgment in accordance with this opinion.

## Facts

John Morris is the sole member of The Rental Company, LLC ("Rental Company"). In 2009, Aandrea Carter asked for a loan from Mr. Morris. On May 15, 2009, Mr. Morris loaned Ms. Carter and The Carter Group, Inc. ("Carter Group") $27,000, due on July 1, 2009 ("loan 1"). The promissory note for the loan ("note 1") indicated that there would be a late fee of $100 a day after the due date, as well as a quitclaim deed on a commercial property owned by Carter Group, attorney fees, a fee to Mr. Morris, and court costs.

On April 17, 2009, Mr. Morris made a second loan to Ms. Carter and The Carter Group, this time for $22,000, due on June 1, 2009 ("loan 2"). The promissory note for loan 2 ("note 2") indicated that there would be a late fee of $100 a day after the due date, with additional penalties for late payment including a quitclaim deed on an automobile, attorney fees, and court costs.

On November 6, 2009 Ms. Carter wrote checks to Mr. Morris for the principal amounts of loan 1 and loan 2. The check for loan 2 was returned for insufficient funds. In February of 2011, Rental Company and Mr. Morris filed a petition against Carter Group and Ms. Carter, alleging breach of contract in Count I for note 1, breach of contract in Count II for note 2, and unjust enrichment in Count III for both notes.

Following a bench trial in which only Rental Company presented evidence, the

trial court ruled in favor of Carter Group on Counts I and II,[1] and in favor of Rental Company on Count III. The trial court entered judgment in favor of Rental Company "in the principal amount of $49,000.00, plus pre-judgment interest at the statutory rate of 9% per annum in the amount of $11,474.40, plus post-judgment interest at the statutory rate of 9% per annum, plus reasonable attorney's fees in the amount of $7,350.00, plus costs, amounting to a total of $67,824.60, plus post-judgment interest at the statutory rate of 9% per annum, plus costs." Carter Group timely appealed.

## Standard of Review

Appellate review of a bench-tried case requires that the trial court's decision be affirmed "unless there is no substantial evidence to support it, it misstates or misapplies the law, or it goes against the weight of the evidence." *Howard v. Turnbull,* 316 S.W.3d 431, 436 (Mo.App. W.D. 2010) (internal citations omitted). "Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is 'against the weight of the evidence' with caution and with a firm belief that the decree or judgment is wrong." *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

## Discussion

In four points on appeal, Carter Group argues that the trial court erred in entering judgment in favor of Rental Company on its unjust enrichment claim because (1) no evidence was presented to support the elements of the unjust enrichment claim, (2) the judgment for Rental Company on the unjust enrichment claim is inconsistent with and contravenes the judgment against Rental Company on the breach of contract claims, (3) the judgment awarded attorney fees in violation of the American Rule, and (4) no evidence was presented supporting an award of late fees.

*Unjust Enrichment*

To prove unjust enrichment, Rental Company had to prove: "that (1) [they] conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) the defendant accepted and retained the benefit under inequitable and/or unjust circumstances." *Howard,* 316 S.W.3d at 436.

Evidence was presented at trial that Rental Company conferred the benefit of two loans on Carter Group. Evidence also showed that Carter Group appreciated the benefit of the loans, not returning any money to Rental Company until November 6, 2009, well after the due date to repay both loans. The evidence further revealed that the acceptance and retention by Carter Group of the loan money until well past the due date for repayment was unjust, in that Carter Group had notice of when repayment was due on the loans and it had agreed to penalties for late payment, and yet it did not repay by the due date. Furthermore, when Carter Group did submit two checks to Rental Company on November 6, 2009, the amounts of the checks were insufficient to cover the principal of the two loans, and also did not include any amount for late fees, interest, or other penalties as contemplated in the promissory notes it signed when it accepted the loans.

The trial court did not err in finding that Rental Company proved unjust enrichment, because that finding was supported by substantial evidence.

1. It is unclear on what basis the trial court determined that Rental Company did not have a valid cause of action on the promissory notes.

*Unjust Enrichment Distinct From Breach of Contract*

 Unjust enrichment is a separate and distinct cause of action from breach of contract. To prove unjust enrichment, a party must prove: "(1) a benefit conferred by a plaintiff on a defendant; (2) the defendant's appreciation of the fact of the benefit; and (3) the acceptance and retention of the benefit by the defendant under circumstances in which retention without payment would be inequitable." *Jennings v. SSM Health Care St. Louis,* 355 S.W.3d 526, 536 (Mo.App. E.D.2011) (citing *Hertz Corp. v. RAKS Hospitality, Inc.,* 196 S.W.3d 536, 543 (Mo.App. E.D.2006)). In contrast, to prove breach of contract, a party must prove "(1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Jennings,* 355 S.W.3d at 531 (citing *Keveney v. Mo. Military Acad.,* 304 S.W.3d 98, 104 (Mo. banc 2010)).

As discussed above, the trial court did not err in finding that Rental Company proved unjust enrichment, because that finding was supported by substantial evidence of each element of a cause of action for unjust enrichment. Carter Group's argument that the trial court's finding that Rental Company did not prove breach of contract is inconsistent with its finding as to unjust enrichment is without merit. The two causes of action are independent, distinct, and have different elements.

*Attorney Fees and the American Rule*

 "[T]he general rule in Missouri is that attorneys' fees are only recoverable when a statute specifically authorizes recovery or when attorneys' fees are provided for by contract." *Essex Contracting, Inc. v. Jefferson County,* 277 S.W.3d 647, 657 (Mo. banc 2009) (internal citation omitted). Recovery of attorney fees pursuant to a contractual provision is only available to the prevailing party. *Flamingo Pools, Spas, Sunrooms & More Store, Inc. v. Penrod,* 993 S.W.2d 588, 590 (Mo.App. S.D. 1999). The prevailing party is the party that "obtains a judgment from the court, regardless of the amount of damages." *Brooke Drywall of Columbia, Inc. v. Building Constr. Enters., Inc.,* 361 S.W.3d 22, 27 (Mo.App. W.D.2011) (internal citation and quotation omitted). "A party need only obtain 'some relief' from the court in order to be deemed the 'prevailing party.'" *Id.*

Here, the trial court ruled in favor of Carter Group on Rental Company's breach of contract claims. One way the trial court could properly find that Rental Company could be awarded attorney fees would be under the exception to the general rule for recovery of attorney fees pursuant to a contractual provision. However, Rental Company was not the prevailing party for the breach of contract claims as to each promissory note containing such contractual provision. Thus, attorney fees were not properly recoverable by Rental Company under the contractual provision exception.

 Attorney fees may also be recoverable "when the incurrence of the fees involves the wronged party in collateral litigation, or occasionally, when the court of equity finds it necessary to adjudge them in order to balance benefits." *Dugger v. Welp,* 646 S.W.2d 907, 909 (Mo.App. E.D.1983) (internal quotation omitted). The awarding of attorney fees to balance the benefits in the context of a case in equity, however, "occurs only if very unusual circumstances can be shown." *Id.* (internal quotation omitted). This has been construed to mean an "unusual type of case or unusually complicated litigation." *Id.*

Here, the only remaining exception under which the court may have properly awarded attorney's fees on Rental Company's unjust enrichment claim would be as an element of damage in order to balance the benefits. We do not find that exception to be applicable here. The trial on Rental Company's claims was a routine proceeding. Rental Company did not demonstrate on the record that its unjust enrichment claim should be considered as an unusual circumstance so as to justify the allowance of attorney's fees. *See Dugger,* 646 S.W.2d at 909.

Because no exception to the general rule that attorney fees are not recoverable applies in the present case, the trial court's award of attorney fees in favor of Rental Company was erroneous.

*Late Fees*

The court did not, as Carter Group argues, improperly award late fees to Rental Company. In its judgment in Rental Company's favor on the unjust enrichment count, it awarded "the principal amount of $49,000.00," along with pre- and post-judgment interest, attorney's fees, and costs. $49,000.00 is the exact amount of the total of the principal for each of the two loans from Rental Company to Carter Group (loan 1, $27,000, plus loan 2, $22,000, equals damages awarded by the court, $49,000); it is not, as Carter Group asserts, "impossible to tell exactly the Court's calculation in damages."

However, Rental Company's evidence showed that the principal amount on loan 1, $27,000, was paid in full by Carter Group on November 6, 2009, so this amount should not have been part of the trial court's damages calculation. As such, the trial court's damages award is against the weight of the evidence and must be reversed. Accordingly, the cause is remanded with directions to enter judgment for plaintiff on Count III and award such

sum as the court determines ought to be returned to plaintiff. In determining such sum the court may consider the principal amount of the unpaid loan, $22,000, statutory pre- and post-judgment interest on both loans, and costs.

All concur.